## N. Y. COMMON PLEAS.

### HORACE B. SHELDON agt. EDWIN R. LAKE.

In an action for false imprisonment, where the several subjects of the complaint, as alleged in the complaint, have reference to an entire but continuous transaction, with special circumstances of injury or aggravation as to each step in the progress of the affair, and they constitute a single cause of action for injury to the person, with or without force, in the several occurrences stated, such allegations cannot be stricken out as *irrelevant and redundant.*

But allegations that such acts are contrary to the laws of the state and in violation of the same, being matters of form or conclusions of law, not necessary or proper to be stated, will be stricken out as irrelevant and redundant.

*Special Term, January,* 1871.

ACTION for false imprisonment.

Defendant moves to strike out the following allegations in the complaint as irrelevant and redundant.

" With force and arms assaulted the plaintiff."

" And with great force and violence, pulled and dragged about the said plaintiff, and also then and there, forced and compelled the said plaintiff to go from a certain place in said city, into the public street thereof, and then and there forced and compelled him in and along divers public streets in said city."

" And restrained and deprived the said plaintiff of his liberty."

" Contrary to the laws and customs of this state, and in violation of the same."

M. M. BUDLONG, *for motion.*

T. C. CRONIN, *opposed.*

ROBINSON, J.—The motion to strike out part of the

complaint as irrelevant and redundant, is denied, except the sentence hereafter quoted.

The several statements of the plaintiff, as to the acts complained of, have relation to but one continuous transaction alleged, with special circumstances of injury or aggravation as to each step in the progress of the affair, and they constitute a single cause of action for injury to the person, with or without force in the several occurrences related in the pleading.

They do not constitute separate causes of action. The plaintiff could not sue and recover for the assault first alleged, or for the act of being dragged through the streets, or for the false imprisonment lastly alleged, and again maintain another action for any of the other matters attending his arrest and imprisonment. (*Farrington* agt. *Payne*, 15 *Johns.*, 432 ; *Feeter* agt. *Beale*, 1 *Salk.*, 11.) The Code permits the joinder of separate causes of action for injuries, with or without force to the person (§ 167, *sub.* 3), and the court could consolidate such actions as might have been originally joined, but such power is in no way decisive as to the uniting of causes of action, which, if separately and independently stated, and occurring on different occasions, or as to what might constitute different causes of action.

To allow the uniting in one statement of a cause of action of different trespasses (when they all substantially arose out of the same act), such as the statement of an assault, an assault and battery and false imprisonment, does not prejudice the defendant, since he may in his answer, confess, deny or justify each separate act, while to regard them as separate causes of action, and subjects of different suits, would be allowing an unwarrantable splitting up of controversies.

The several subjects of complaint having reference to an entire, although continuous transaction, is properly allowed without irrelevancy or redundancy. The case disclosed by the complaint, is one of injury to the person, and *prima facie* actionable.

Sheldon agt. Lake.

The allegation that such acts are " contrary to the laws of the state, and in violation of the law *contra regis pacem.*" was under the old system of pleading, regarded as a mere matter of form, and not traversable (1 *Chitty Pl.*, 422; *Gardner* agt. *Thomas*, 14 *Johns. R.*, 134). It is equally so under the Code, as these are matters of form or conclusively of law, and is not necessary or proper to be stated.

The rights of the parties are to be judged solely by the fact stated, and the allegations last above quoted, ought to be stricken out as irrelevant and redundant.

No costs are allowed.