ANN KLINE, RESPONDENT, *v.* LUCY McDONNELL, INDI-VIDUALLY AND AS ADMINISTRATRIX OF JOHN McDONNELL, DECEASED, AND ANOTHER, APPELLANTS, IMPLEADED WITH OTHERS.

*Fraudulent conveyances — a grant to one person, the consideration paid by another — the resulting trust extends only to what the debtor paid* — 1 R. S., m. p. 728, secs. 51, 52.

On October 23, 1877, one Morris conveyed to Lucy McDonnell a parcel of land for $500, for which John McDonnell, the husband of Lucy, gave his note for $500, payable one year from date. John McDonnell died intestate and insolvent on February 5, 1878, having paid nothing upon the note, and his wife Lucy was appointed his administratrix. The note was fully paid, the sum of $275.18 being paid from his estate.

In an action brought by a judgment-creditor, whose judgment was recovered upon a debt existing against John McDonnell, upon October 23, 1877, against Lucy, as such administratrix:

*Held,* that a trust resulted in favor of the judgment-creditor in the lands conveyed by Morris to Lucy, under 1 Revised Statutes (m. p. 728, §§ 51, 52), providing that where a grant for a valuable consideration shall be made to one person, and the consideration shall be paid by another, such conveyance shall be presumed to be fraudulent, as against creditors, at the time, of the person paying the consideration.

That, under said section 51, it was not necessary that the debtor should pay the whole consideration in order that a trust result.

That, under said section 52, the trust which resulted in favor of the creditor was not as to the whole consideration paid, but only as to so much of the land as was represented by the amount contributed by the debtor towards the purchase.

That the judgment-creditor would be entitled to interest upon the sum contributed by the debtor, and to his costs.

That in case the land should be sold the judgment-creditor might take her *pro rata* share of the proceeds of the sale of the land, the costs being charged upon the defendant's share.

APPEAL by the defendants, Lucy McDonnell, individually and as administratrix of John McDonnell, deceased, and by Edward McDonnell, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Montgomery on the 6th day of January, 1890, reciting that a conveyance of certain premises made by John V. Morris to the defendant Lucy McDonnell was fraudulent, and that said Lucy held said premises in trust for the plaintiff, to the extent necessary to satisfy her claim, and directing a sale of said premises to satisfy said amount, after a trial at the Montgomery Circuit by the court, with notice of an intention to bring up for review upon the appeal all the exceptions of said defendants to the findings and decision of the court herein.

The action was brought to secure satisfaction of a judgment in favor of the plaintiff against the administrator of the estate of John McDonnell, deceased, out of certain premises granted to Lucy McDonnell by John V. Morris, the consideration for which was agreed to be paid by John McDonnell, and was secured by his note, part whereof was paid after his death in the due course of the administration of his insolvent estate.

John V. Morris, October 23, 1877, conveyed by deed to the defendant Lucy McDonnell a parcel of land for the expressed consideration of $500, for which John McDonnell, husband of Lucy, on the following day, gave his promissory note for $500, payable one year from date. John McDonnell died February 5, 1878, intestate and insolvent. The defendant Lucy McDonnell was appointed administratrix of his estate, and in the due course of administration $275.18 were paid upon said note, part from a dividend declared by the surrogate from the proceeds of his personal estate, and part from a dividend from the proceeds of his real estate. The balance of the note was paid, but by whom does not appear. John McDonnell himself paid nothing upon the note.

The plaintiff is a judgment-creditor of the administrator of the estate of John McDonnell upon a debt against said McDonnell existing at the date of the deed from Morris to Lucy McDonnell. She exhausted her remedies against the estate of said McDonnell before bringing this action. Her judgment is unsatisfied to an amount exceeding $2,000.

The trial court held that a trust resulted in favor of the plaintiff

in the lands thus conveyed to the defendant, and directed the sale thereof to satisfy plaintiff's judgment, with costs.

*Z. S. Westbrook,* for the appellants.

*M. L. Stover,* for the respondent.

LANDON, J. :

. We have no doubt that the giving of the deed by John V. Morris to Lucy McDonnell, and the giving of the note for the purchase-price by John McDonnell to Morris, should be regarded as contemporaneous transactions, although the note bears date one day later than the deed. The deed was doubtless delivered in expectation of receiving the note, and the note was delivered to close the transaction. The point urged by the defendant that the note to secure the consideration was not delivered by John McDonnell at the time of the grant to his wife, but subsequently, does not meritoriously exist upon the facts, and need not be further considered.

The case is within the statute (1 R. S., 728, §§ 51, 52), which provides : " Where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, * * * such conveyance shall be presumed fraudulent as against the creditors at that time of the person paying the consideration, and where a fraudulent intent is not disproved, a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands." (*Garfield* v. *Hatmaker,* 15 N. Y., 475.)

Although John McDonnell gave his note for the entire consideration, he paid nothing upon the note in his lifetime, and his estate paid only part of it. Upon this state of facts the trust results in favor of the creditor *pro tanto.*

The statute is intended to protect creditors against the fraud of their debtors, and to apply the debtor's property to their benefit, although he has changed the form of it and parted with his title to it. A literal reading of section 51 seems to require that the debtor shall pay the whole consideration in order that the trust result ; but this would be inequitable since the object is to reach what he thus diverts. A literal reading of section 52 seems to provide that whenever the trust does result in favor of the creditors it results " to the extent that may be necessary to satisfy their just demands," irrespective of

the extent or proportion of the debtor's contribution towards the purchase-price. But this cannot be so, since in that case the creditor might not only take the equivalent of the debtor's contribution to the purchase-price, but might confiscate that proportion of the land which his debtor did not pay for, but which the grantee did. Suppose John Doe had paid half the consideration and John McDonnell the other half, would not a trust result in favor of John Doe's creditors in like manner as in favor of McDonnell's? The statute gave the creditor an equitable remedy ; but an equitable remedy to repair his debtor's wrong, not to enable himself to do a wrong to a third person who owes him nothing. The statute, therefore, when it declares that " a trust shall result in favor of such creditors," means that it shall result in respect of so much of the land as is represented by the debtor's contribution to the purchase-money.

These views find support in *Botsford* v. *Burr* (2 Johns. Ch., 405). True that case was before the statute, and when the resulting trust arose in favor of the person paying the purchase-money, instead of, as now, in favor of the creditors of such person. But the principle upon which the trust arose is the same in both cases. The statute changed the beneficiary of the trust. Chancellor KENT said in that case : " The cases recognize the trust where the money of A formed only a part of the consideration of the land purchased in the name of B. The land in such case is to be charged *pro tanto*." (Story's Eq. [11th ed.], § 1201c ; *McGowan* v. *McGowan*, 14 Gray, 122.)

The trust resulting in favor of the plaintiff is in the land. But equity would be done if defendant should pay to plaintiff upon her judgment against the estate of John McDonnell the amount of the purchase-money paid by him, with interest and costs, within thirty days after service upon her or her attorney of a copy of the judgment. Failing to make such payment the land should be sold as provided in the judgment appealed from, and from the proceeds, after payment of costs, at least the same amount should be paid the plaintiff. But in such case the plaintiff may take her *pro rata* share of the proceeds of the sale of the land, the costs being charged upon the defendant's share. Our computation, made by adding interest on the purchase-money to date of first payment and deducting that payment, and adding interest on the balance to date of last pay-

ment, left unpaid at that date $298.76. The total paid was $275.18. The plaintiff's equity is, therefore, $\frac{27518}{57894}$; and in case of sale, if that equity exceeds the $275.18 and interest, the plaintiff will be entitled to the excess, free from costs.

The judgment should be modified accordingly, and as modified affirmed, without costs of this appeal.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment modified according to opinion.