MATTHEW BEARDSLEY, Respondent, *v.* WILLIAM A. SOPER, Appellant.

Third Department, September 11, 1918.

False imprisonment — pleading — allegation as to assault — arrest — duty of citizen to submit to attempted arrest — authority of police officer to make arrest for misdemeanor without warrant — justification — drunkenness — malice — damages — additional damages as punishment to defendant for malicious assault.

A complaint in an action for false imprisonment which alleges that the defendant, a village police officer, struck the plaintiff upon the head and forcibly took him to the lock-up from which he was released after about twenty-four hours without an arraignment or trial, and that the plaintiff was made sore and sick and was confined to the house for two weeks, only states one cause of action and hence the plaintiff should not be directed to elect between alleged conflicting claims.

An action for false imprisonment always involves the element of an assault in a technical sense, and if this technical assault is combined with battery, it does not change the character of the action, but merely serves to increase the actual damages sustained by the plaintiff.

While it is undoubtedly the better practice on the part of a citizen to submit to an attempted arrest under a pretended authority, and to depend upon the law for a vindication of his rights, he is not bound to do so where the person attempting the arrest is not legally authorized to make it, and the person acting without authority does so at his peril.

The fact that a man is a police officer does not make all of his acts official; he is still governed by law and has no authority to make an arrest for a

misdemeanor without a warrant, unless the crime is committed in his presence.

Evidence *held* sufficient to justify the jury in finding that the plaintiff was not drunk at the time of the assault, and hence there was no possible justification therefor.

Malice is an inference of law from known facts and does not necessarily involve the element of personal ill-will; it is the wrongful act done intentionally without just cause or excuse.

The fact that a police officer in making an arrest intentionally and without just cause or excuse struck the prisoner a blow likely to produce his death constitutes malice.

In an action for false imprisonment the burden of justifying the act is upon the defendant.

Where in such an action it appears that the defendant maliciously assaulted the plaintiff it is proper to allow damages as a punishment to the defendant for the assault in addition to the actual damages sustained by the plaintiff.

APPEAL by the defendant, William A. Soper, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 14th day of November, 1917, upon the verdict of a jury for $300, and also from an order entered in said clerk's office on the 10th day of December, 1917, denying defendant's motion for a new trial made upon the minutes.

*A. D. & C. N. Peake* [*A. D. Peake* of counsel], for the appellant.

*Arthur E. Conner*, for the respondent.

WOODWARD, J.:

The complaint alleges, and the evidence would permit a jury to find, that the defendant, a police officer of the village of Walton, struck the plaintiff upon the head with a police club and forcibly took him to the village lockup, where the plaintiff was kept about twenty-four hours, and finally released without the semblance of an arraignment or trial, and that the plaintiff was made sore and sick, and was obliged to remain in bed for a period of one week, and was confined to the house for two weeks. The action is, of course, for false imprisonment, and there is no merit in the suggestion of the defendant that more than one cause of action was stated in the complaint. The action of false imprisonment always involves the element of an assault in a technical sense, and if this technical

assault is combined with battery it does not change the character of the action; it simply serves to increase the actual damages sustained by the plaintiff. The trial court was right, therefore, in refusing to direct the plaintiff to elect between alleged conflicting claims.

The jury has found the facts in favor of the plaintiff, and awarded damages in the sum of $300, and from the judgment entered upon this verdict the defendant appeals to this court, urging various alleged errors. We have already indicated that there is no merit in the suggestion that this assault was not a part of the cause of action for false imprisonment, and we are equally persuaded that the court did not err in refusing a nonsuit at the close of plaintiff's evidence, when it appeared that the defendant was a police officer, and that he claimed to be acting in his official capacity, and that the plaintiff received his injuries while resisting arrest. While it is undoubtedly the better practice on the part of the citizen to submit to an attempted arrest, under a pretended authority, and to depend upon the law for a vindication of his rights, he is not bound to do so where the person attempting the arrest is not legally authorized to make it, and the person acting without authority does so at his peril. The fact that a man is a police officer does not make all of his acts official acts; he is still governed by law, and he has no authority to make an arrest for a misdemeanor without a warrant, unless the crime is committed in his presence. In this case the justification attempted to be made was that the plaintiff was drunk in a public place, but the evidence failed to convince the jury that the plaintiff was drunk. Moreover the arrest was not made in a public place, and it is doubtful if the fact that the plaintiff may have been seen drunk in a public place prior to the arrest justified the officer in following the plaintiff to private premises and there assaulting and arresting him, as the undisputed evidence shows was done. However this may be, the evidence fairly justified the jury in reaching the conclusion that the plaintiff was not drunk at the time of the assault, and this being so there was no possible justification for the assault.

But it is suggested that there was no proof whatever of

malice on the part of the defendant. But malice is an inference of law from known facts, and does not necessarily involve the element of personal ill-will; it is a wrongful act, done intentionally, without just cause or excuse. (*McFadden* v. *Morning Journal Association*, 28 App. Div. 508, 516; *Crane* v. *Bennett*, 177 N. Y. 106, 114.) To quote the classic definition of Mr. Justice BAYLEY in *Bromage* v. *Prosser* (4 Barn. & C. 255): " Malice, in common acceptation, means ill will against a person, but in its legal sense it means a wrongful act done intentionally, without just cause or excuse. If I give a perfect stranger a blow likely to produce death, I do it of malice, because I do it intentionally without just cause or excuse. If I maim cattle, without knowing whose they are, if I poison a fishery without knowing the owner, I do it of malice, because it is a wrongful act and done intentionally. If I am arraigned of felony, and wilfully stand mute, I am said to do it of malice, because it is intentional and without just cause or excuse." (*Darry* v. *People*, 10 N. Y. 120, 139.) Here the case is exactly within the definition; the defendant struck the plaintiff a blow likely to produce his death; he did it intentionally, and without just cause or excuse, assuming the facts as the jury were entitled to find them from the evidence in this case, and there was, therefore, the malice which the defendant contended was not proved.

If this were a case of malicious prosecution the authorities cited by the defendant in support of his third point would be of some importance. But there is no suggestion of malicious prosecution; the action is for false imprisonment, in which the burden of justifying the act is upon the defendant. In this case there was no element of a prosecution; the plaintiff was beaten and thrown into prison, and compelled to remain there for twenty-four hours, when he was released without any form of trial, and the action is to recover damages for these acts of false imprisonment.

The suggestion of error in the court sustaining an objection to the defendant's question, " That [profanity] is quite an ordinary manifestation of intoxication; a man that is given to profanity is very apt to use it when he is intoxicated?" will not be seriously considered in this court.

Objection is made to the charge of the court that " the

jury under this complaint, if you award damages to the plaintiff, you have a right to add such an amount as you think will be a proper punishment to the defendant for assaulting him, in addition to such actual damages as plaintiff might have sustained individually." We see no error in this charge, assuming the facts as they must have been found by the jury, under the complaint in this action. In *Voltz* v. *Blackmar* (64 N. Y. 440, 444) the court say: " In vindictive actions, as they are sometimes termed,. such as libel, assault and battery and false imprisonment, the conduct and motive of the defendant is open to inquiry, with a view to the assessment of damages; and if the defendant, in committing the wrong complained of, acted recklessly or willfully and maliciously, with a design to oppress and injure the plaintiff, the jury, in fixing the damages, may disregard the rule of compensation, and beyond that may, as a punishment to the defendant, and as a protection to society against a violation of personal rights and social order, award such additional damages as in their discretion they may deem proper." (See *Mattice* v. *Wilcox,* 147 N. Y. 624; *Smith* v. *Matthews,* 152 id. 152; *Holmes* v. *Jones,* 121 id. 461.) We are of the opinion that the charge is not open to objection and that the judgment should be affirmed.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.