FLOWER CITY BREWING COMPANY, Respondent, *v.* SARAH K. EDWARDS, Appellant, Impleaded with HENRY W. EDWARDS, Defendant.

Fourth Department, December 30, 1919.

**Debtor and creditor — suit to set aside alleged fraudulent conveyance — conveyance made to wife in action of foreclosure brought by husband — presumption of fraud — enforcement of resulting trust proper remedy of creditor — proof of debt due grantee from mortgagee — failure to prove fraudulent intent — evidence not establishing estoppel — presumption as to intent.**

Where a mortgagee on foreclosure bid in the premises for the amount of the mortgaged debt and procured the referee to make the deed of the property to the wife of the mortgagee, the transaction is governed by section 94 of the Real Property Law which provides that a grant of real property to one person, the consideration being paid by another, is presumed to be fraudulent against the creditors of the person paying the consideration and unless a fraudulent intent is disproved a trust results in favor of the creditors, although title vests in the grantee. Hence a creditor entering judgment against the mortgagor after said conveyance is not entitled to maintain a suit in equity to set aside the conveyance as in fraud of creditors, for under the statute its proper remedy is to sue to enforce the resulting trust.

Moreover, where in the suit to set aside the conveyance the wife establishes that she has loaned money to her husband which has never been repaid, so that she has a valid claim against him for the amount of the consideration for the conveyance by the referee, she is entitled to hold the property as against her husband's creditors, or at least an interest therein sufficient to make good the indebtedness, and this is true although she did not defend the suit on such theory, if the facts were proved without objection. Under the circumstances a trust resulted in favor of the wife as well as in favor of other creditors, there being no finding of actual fraudulent intent on the part of either defendant.

There was no estoppel on the husband in favor of the judgment creditor where its claim against the husband was not contracted in reliance upon the husband's ownership of the mortgage, of which fact the plaintiff had no knowledge whatever.

Under the circumstances the plaintiff was required to prove actual fraudulent intent on the part of both defendants before it should be permitted to recover.

The presumption of fraudulent intent which the statute creates in favor of creditors is only a presumption and may be overcome.

APPEAL by the defendant, Sarah K. Edwards, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 1st

day of August, 1918, upon the decision of the court after a trial at the Monroe Equity Term.

*Herbert J. Stull,* for the appellant.

*Andrew L. Gilman [Wile, Oviatt & Gilman,* attorneys], for the respondent.

FOOTE, J.:

This is a judgment creditor's action to set aside and have adjudged null and void a deed of lands in Monroe county from a referee in foreclosure to the defendant Sarah K. Edwards, and to have plaintiff's judgment against the defendant Henry W. Edwards adjudged a lien upon said lands, and such is the relief which has been awarded to plaintiff.

The defendants are husband and wife. Both defended the action, but the wife alone appeals. The complaint is in the same form, as is also the judgment, as if the land had been conveyed by the husband to the wife without consideration, with intent to defraud plaintiff and other creditors of the husband, when the fact is the husband did not own the land but had a mortgage on it which he foreclosed, and at the sale he, or his attorney or some one else, bid it in for the amount of the mortgage debt, some $7,500, and procured the referee to make the deed to appellant. She was not present at the sale and it does not appear in whose name the bid was made or who made it, but the allegation of the complaint is " that the defendant, Henry W. Edwards, caused the said premises to be deeded by said referee to sell, to the defendant Sarah K. Edwards " and this is·expressly admitted in defendants' joint answer. Undoubtedly the husband, who was the plaintiff in the action, or his attorney, receipted to the referee for the amount of the bid, and thus in legal effect paid the purchase price for the land and procured the same to be conveyed to his wife. By the judgment the referee's deed which was made April 3, 1916, is pronounced fraudulent and void and is directed to be canceled and annulled as to plaintiff. It further adjudges that plaintiff's judgment for $6,534.55 which was entered November 13, 1916, more than six months after the referee's deed, became a lien upon this land from the time of its entry, and that plaintiff is entitled to all the rights and

remedies of a judgment creditor to enforce the judgment against the property in the same manner as though the legal title had been in Henry W. Edwards on November 13, 1916.

It is difficult to see how the annulment of the referee's deed can be made to vest title in the husband. He was simply a mortgagee. He furnished the consideration by releasing his mortgage debt and procured the conveyance which he was entitled to receive to be made to his wife. Such a case is controlled by section 94 of the Real Property Law, which is as follows: " A grant of real property for a valuable consideration, to one person, the consideration being paid by another, is presumed fraudulent as against the creditors, at that time, of the person paying the consideration, and, unless a fraudulent intent is disproved, a trust results in favor of such creditors, to an extent necessary to satisfy their just demands; but the title vests in the grantee, and no use or trust results from the payment to the person paying the consideration, or in his favor, unless," etc. If this statute applies, as I think it does, it is clearly wrong to adjudge the deed void. The plaintiff's remedy was to enforce the resulting trust in its favor.

On the pleadings defendant was in the attitude of claiming that she herself was the beneficial owner and not her husband; that the property had been bought years before with her money, but the title taken in the husband's name for convenience because she was expecting to build a hotel on the property and she wished her husband to transact the business; that it was later sold and a mortgage taken back in the husband's name, but equitably this mortgage belonged to her; that she had expended some $3,000 in erecting a hotel building on the property; but proofs failed to establish that she did furnish the money with which the property was originally bought or the principal part of the cost of the hotel. Plaintiff succeeded in showing that the husband borrowed the money with which the property was bought from one Staud, and that the $2,400 insurance money which was paid following a fire by which the dwelling house was destroyed was turned over to Staud in part payment of the money so borrowed, the amount borrowed being $3,500, whereas Mrs. Edwards had testified that this insurance money had been

Fourth Department, December, 1919.     [Vol. 190.

used to build the hotel.  But the appellant did succeed in
showing that she had loaned money to her husband from
time to time and she proved beyond dispute the sources from
which she accumulated money, and the trial court has found
that she loaned to her husband $2,000 in March, 1896, and
$2,000 in December, 1897.  There is no proof that these sums
have ever been repaid and no finding that they have.  It
would seem, therefore, that there was a valid debt to at least
that amount which furnished a consideration for the con-
veyance of this property to the wife by the referee by the
husband's direction, and that she ought to be entitled to hold
the property as against the husband's creditors, or an interest
in the property sufficient to make her good for this indebted-
ness.  It is true that she did not defend the action on this
theory, but the facts were proved without objection and the
finding of the indebtedness has been made.

Under similar circumstances it was held in *Brown* v. *Chubb*
(135 N. Y. 174) that the grantee was entitled to hold the
land as security for an indebtedness due her from the person
who paid the consideration for the deed to her.  And indeed
under the statute above quoted a trust would result in her
favor as well as in favor of the plaintiff and other creditors
to the extent that she was an actual creditor.  There is no
finding of an actual fraudulent intent on the part of either
defendant.  There is such a finding in the conclusions of
law, but that means that the transaction was legally or con-
structively fraudulent and not necessarily that there was any
fraudulent intent.  In *Kline* v. *McDonnell* (62 Hun, 177) it
was held where the grantee paid a part of the consideration
that a trust resulted in favor of the judgment creditor only to
the extent of the consideration paid by the judgment debtor.

The court below, as appears by his opinion, was influenced
largely by the consideration that the title to this property
had been in the husband for many years and that thereby
credit had been given to the husband as the owner of the
property, but there was no proof in the case that the indebted-
ness to the plaintiff was contracted in reliance thereon, or
that the plaintiff ever heard that the husband owned this
property or any other.  There was, therefore, no basis for any
estoppel in plaintiff's favor.  On the other hand, plaintiff's

judgment of over $6,000 arises from a deficiency on the foreclosure of a $14,000 mortgage which plaintiff held upon a hotel in Brockport. Defendant Henry W. Edwards bought that property and gave this mortgage in 1912. Defendants occupied the property for a year or so and then sold it at an advance of $1,500 over what it had cost them, to one Daisy E. Church, who assumed and agreed to pay plaintiff's mortgage. She did make some payments, but when Brockport " went dry " the value of the property was so affected that she was unable to keep up her payments and plaintiff began a foreclosure of that mortgage some six months after Mrs. Edwards had acquired title by the referee's deed of the property here in question. It did not appear that at that time Mr. Edwards had any knowledge or notice that the Brockport mortgage would not be paid by the person to whom he had sold the property or that he was being pressed by any creditor, or that there was any doubt about the hotel property being abundant security for plaintiff's mortgage.

Under these circumstances, it would seem that plaintiff should have a finding of an actual fraudulent intent on the part of both defendants before it should be permitted to recover all this property, if the husband was in fact indebted to his wife to the extent of $4,000.

The presumption of fraudulent intent which the statute creates in favor of creditors is only a presumption and may be overcome. (*Dunlap* v. *Hawkins*, 59 N. Y. 342.) It would seem that it was overcome in this case in the opinion of the trial judge because he based his decision on the ground of estoppel rather than actual fraud.

On the record as it now stands appellant is entitled to hold the property as security for the amount of her husband's indebtedness to her.

If plaintiff is entitled to relief, the judgment should be in proper form to enforce a resulting trust.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the final award of costs.

All concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.