ALVIN DUMAS, Respondent, v. ERIE RAILROAD COMPANY and Another, Appellants, and JOHN J. LAWSON, Defendant.— In an action for false imprisonment, judgment and order reversed on the law and the facts and a new trial granted, costs to abide the event, unless within ten days from the entry of the order herein the plaintiff stipulate that the verdict be further reduced to $5,000, in which event the judgment as so modified and the order as modified accordingly are unanimously affirmed, without costs. The two causes of action pleaded were essentially but one cause of action. (*Beardsley* v. *Soper*, 184 App. Div. 399; *Sheldon* v. *Lake*, 40 How. Pr. 489.) The evidence furnished an ample basis for a finding by the jury that, assuming that the arrest was legal in its inception, the imprisonment nevertheless became illegal *ab initio* as a consequence of the defendants' utilizing the period of detention for the illegal purpose of inflicting brutal treatment and extorting a false confession from the plaintiff. Whether or not the period of detention was so utilized was a question of fact for the jury and their finding that it was so utilized made the detention illegal from the inception and deprived the defendants of the protection that would otherwise be theirs if the arrest were legal in its inception and there had been no such illegal purpose carried out during the period of detention. (*Holley* v. *Mix*, 3 Wend. 350, 355; *People* v. *Mummiani*, 258 N. Y. 394, 399; *Pastor* v. *Regan*, 9 Misc. 547; affd., 90 Hun, 607; *Davis* v. *Carroll*, 172 App. Div. 729; *Green* v. *Kennedy*, 46 Barb. 16; affd., 48 N. Y. 653.) Whether or not the period of detention was reasonable as a matter of law in so far as the claimed delay in arraignment was concerned is of no importance in view of the evidence and finding of the jury in respect of the detention having been illegal by reason of its having been devoted to the illegal purpose of brutal treatment and the extorting of a false confession. The assessment for the injuries suffered, even as reduced, was, however, excessive and is, therefore, reduced. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.

BERNARD DUNCAN, an Infant, by His Guardian ad Litem, WILLIAM DUNCAN, Appellant, v. JEROME LAURY, Also Known as GIROMO LAURY, and Others, Respondents.*— Order dismissing the first four causes of action stated in the complaint reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendants to answer within ten days from the entry of the order herein. The case should be tried so that the facts may be disclosed. (See *Foreman* v. *Foreman*, 251 N. Y. 237; *Fraw Realty Co.* v. *Natanson*, 261 id. 396; *Flower City Brewing Co.* v. *Edwards*, 190 App. Div. 203.) Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.

FIDELITY AND CASUALTY COMPANY OF NEW YORK and Others, Respondents, v. CROCE SYLVESTRI and Another Defendants, and LINN AVENUE CONSTRUCTION CORPORATION and Another, Appellants.— Order on reargument, denying conditionally the motion to vacate order appointing a receiver, affirmed, with ten dollars costs and disbursements. Appeal from order dated October 18, 1934, dismissed. No opinion. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.