JAMES H. TIERNEY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25823.)

Court of Claims, May 4, 1942.

*H. E. Blodgett,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Alfred Spagnolo, Assistant Attorney-General,* of counsel], for the defendant.

Dye, J. The within claim is brought to recover damages from the State for injury to reputation and defamation of character occasioned by an alleged false imprisonment.

On Saturday evening, February 10, 1940, at about nine-thirty p. m., the claimant, while driving a Ford automobile, ran off the highway and collided with a telephone pole. This accident happened in the town of Niskayuna, Schenectady county, about one-half mile from the Schenectady-Albany county line. Within a few minutes, the driver of a Greyhound bus came upon the scene, arriving at about the same time as the farmer in front of whose house the accident occurred. Together they extricated the claimant from the damaged car and immediately notified the State Police stationed at Lathams Barracks, Albany county. The claimant was in a dazed condition. He smelled strongly of alcoholic beverages and his conduct and appearance were such as to suggest intoxication. He had what appeared to be a superficial cut on the right side of his head. Two troopers appeared shortly and assisted claimant into their automobile.

The troopers then proceeded with the claimant to the office of a physician just over the Schenectady-Albany county line. He was not in, so they then went to the office of another physician at Menands, about two miles away. This physician made a visual examination of the claimant and questioned him as to whether or not he had sustained any injuries to the unexposed portions of his body. The physician rendered first aid to the cut on the claimant's head and the claimant stated that he had suffered no other injuries. The physician gave his opinion that the claimant's condition was the result of " overindulgence in liquor."

The troopers then took the claimant to the office of a justice of the peace in the town of Colonie, Albany county. An information was signed, the claimant arraigned on a charge of driving while intoxicated, and for lack of funds with which to post bail, was committed to the Albany county jail. About two hours' time elapsed between the arrest and the commitment to jail. The following day, the claimant requested the jail guard for a physician, but being Sunday, the physician did not visit the jail until evening. He then examined the claimant and found that in addition to the small cut on the right side of the head, above mentioned, he was suffering from a cut on the right leg, and a fracture of the inner bone of the forearm. The claimant's father was notified and about nine p. m. bail was furnished and claimant released from jail. Thereafter, at an adjourned hearing, held March second, before the justice of the peace in the town of Colonie, Albany county, the charges were dismissed for lack of jurisdiction and the bail refunded.

On May 31, 1940, the claimant filed the claim herein, asking damages based on the above set of facts. At the trial the claimant freely admitted that he had drunk one bottle of beer about one hour previous to the accident.

The action may be maintained. (Ct. of Claims Act, § 8.) The doctrine of *respondeat superior* applies. (*Egan* v. *State of New York*, 255 App. Div. 825; *Slavin* v. *State of New York*, 249 id. 72; *Matter of Evans* v. *Berry*, 262 N. Y. 61.) This court has jurisdiction to hear, audit and determine the within claim as it was filed within ninety days after accrual, the accrual date being the date of the dismissal of the charges by the justice of the peace, and not the date of arrest as claimed by the State. (*Dusenbury* v. *Keiley*, 85 N. Y. 383.)

There can be no recovery predicated on malicious prosecution, as the necessary elements of malice, lack of probable cause and determination on the merits are lacking. (1 Cooley on Torts [4th ed.], § 115.) The troopers were justified in making the arrest. They acted with promptness and diligence in the performance of their duties and were supported by the existence of probable cause, evidence of which was corroborated by medical opinion. Malice cannot be attributed to the State in the absence of positive proof of instigation, nor can the necessary elements be created by the subsequent act of dismissal for lack of jurisdiction; nor do the subsequent acts of the troopers constitute such an abuse of authority as to render the arrest void *ab initio*. (*Dumas* v. *Erie R. R. Co.*, 243 App. Div. 792.)

No unnecessary delay was shown to have occurred between the arrest and the arraignment so as to constitute a violation of section 165 of the Code of Criminal Procedure.

The authority of the State Police is co-extensive with the boundaries of the State and is not circumscribed by county lines. (Executive Law, § 97.) Taking the claimant into Albany county was within the scope of their authority. This, however, does not excuse them from the consequences for disregarding the claimant's fundamental right to be arraigned before a justice of the peace in the county in which the misdemeanor was committed. (Code Crim. Proc. § 56.) By this act the troopers wronged the claimant. (State Const. art. 1, § 1.) It is for this failure to respect the claimant's civil rights that an award is made. There is no proof of any pecuniary loss. The damages then must be limited to those reasonably and proximately occasioned by the wrong, based on bodily and mental suffering, and for the indignity, humiliation, shame and disgrace. What transpired in the Albany county jail subsequent to the arraignment may be an aggravation, but

forms no part of the cause of action. In the absence of supporting proof to the contrary, the damages must be limited to a nominal amount, nor is this a situation in which exemplary damages can be awarded against the State. (*Costich* v. *City of Rochester*, 68 App. Div. 623.)