JAMES H. TIERNEY, Appellant-Respondent, *v.* STATE OF NEW YORK, Respondent-Appellant.

(Claim No. 25823.)

Third Department, June 30, 1943.

*Harold E. Blodgett* (*Howard Murrin* of counsel), for appellant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd, Solicitor-General, Arthur W. Mattson, Assistant Attorney-General,* of counsel), for respondent-appellant.

HEFFERNAN, J. Claimant has appealed from a judgment of the Court of Claims in his favor for the sum of $250 on the ground of inadequacy and the State has also appealed on the ground that the judgment is contrary to the law and facts.

The claim is based on false arrest, invasion of civil rights, aggravation of personal injuries and damages because of the unlawful acts of two members of the State Police.

The facts in this case, which are practically undisputed, are unusual. On Saturday, February 10, 1940, claimant, twenty-six years of age, resided with his parents in the city of Schenectady, N. Y. He was a high school graduate, had some college training, bore an excellent reputation and had a responsible position with a local newspaper. At about nine o'clock in the evening he finished his work for the day, partook of one sandwich and one, and only one, bottle of beer. He then went to his home and obtained permission to use his father's car for the purpose of driving to Lathams to call upon a young lady. It was raining and freezing and the highway was slippery when he started on the journey. About a mile from the city line in the town of Niskayuna, Schenectady County, the car skidded and claimant has no memory of anything that happened thereafter until he awoke in the Albany County jail on Sunday morning.

The proof discloses that, after skidding, the car crashed into a telephone pole and was completely wrecked. A witness at the trial who lived in the immediate vicinity heard the crash and on going to the scene of the accident found the car against the telephone pole and saw claimant lying across the seat with his head out of the front door and his face covered with blood and upon examination concluded that he was dead. Within a very brief time the driver of a bus stopped. He made a further examination and learned that claimant was alive. On the trial he testified that he detected the odor of alcohol on claimant's breath and suggested that the State troopers at Lathams be notified. In response to this call two troopers arrived on the scene. Although it was apparent that claimant was seriously injured, the troopers, instead of taking him to a nearby hospital in Schenectady, placed him under arrest and took him many miles to Lathams for the purpose of having him examined by a physician. Medical attention was not available at that place so claimant was taken to a doctor at Menands. It is rather a strange coincidence but this doctor is employed by the State as a supervisor of school medical service and is frequently employed by the police authorities at Menands. He testified that the troopers brought claimant to his office in order to ascertain if he was intoxicated. He said he made an examination and found that claimant's co-ordination was poor, his speech and movements were slow and that his comprehension was poor and he interpreted these symptoms as being due to liquor. The only injury he discovered was a slight cut on the right side of the head. In the light of the undisputed medical testimony as to the seriousness of claimant's injuries it is obvious that this doctor was interested only in attempting to establish that claimant was intoxicated. From the doctor's office claimant was taken before a Justice of the Peace in Albany County and charged by the troopers with the crime of driving an automobile while intoxicated. Upon arraignment claimant pleaded not guilty to the charge. In default of fifty dollars bail the Justice committed him to the Albany County jail. If claimant had committed any offense, and it subsequently developed he had not, he could only be charged with that offense in Schenectady County (Code Crim. Pro. § 56). All the proceedings before this Justice are absolutely void.

Claimant was placed in jail about midnight and remained without medical attention until about nine o'clock the next night when the jail physician upon a cursory examination discovered that he had a broken arm, a serious leg wound which

required suture, a cut on the head two and one-half inches in length and other cuts on his body. There was blood on his face and he was in a dazed condition. The doctor treated him for his injuries and his parents were notified. His father arrived at the jail, deposited the required bail and the young man was released from custody at midnight on Sunday.

Upon arriving home the family physician was called. After an examination he had claimant removed to the hospital. The doctor testified that he " was in a dazed, bewildered, shocked condition." He also said there was blood on the head and a cut two and one-half inches in length. According to the doctor, the patient had no knowledge of what happened to him and the last thing he remembered was that he was driving the car. Claimant remained in the hospital five days. X-rays revealed a fracture of the arm which was placed in a cast for a period of six weeks. The injury to the leg meanwhile had become infected. The doctor said that his patient was suffering from concussion of the brain and that concussion is frequently followed by complete amnesia. After claimant was discharged from the hospital his memory improved as to contemporaneous events.

The prosecution instituted by the police against claimant was adjourned from time to time on account of his illness. In the interval between the arrest and the final disposition of the matter the police on several occasions suggested to claimant that if he would sign a release of any claim because of the illegal arrest the criminal charge would be dismissed. Claimant declined to execute a release and on March 2, 1940, he and his counsel appeared before the justice who issued the warrant. The troopers again requested a release from claimant and the latter's counsel notified them that no release would be given. On motion of claimant's counsel the justice dismissed the proceeding for lack of jurisdiction and remitted the bail. No further attempt was made to prosecute claimant in any court.

The claim in this case was filed on May 31, 1940, ninety days after claimant was discharged from custody. The State contends that the Court of Claims was without jurisdiction to entertain it because not filed within ninety days after claimant's arrest. The claim was timely filed (*Dusenbury* v. *Keiley*, 85 N. Y. 383).

On this appeal the State concedes that claimant was illegally imprisoned but insists that there was merely a technical violation of his civil rights entitling him only to nominal damages. Obviously the court below took the same view of the matter

evidenced by the award which it made. In its opinion it said: "There is no proof of any pecuniary loss. The damages then must be limited to those reasonably and proximately occasioned by the wrong, based on bodily and mental suffering, and for the indignity, humiliation, shame and disgrace. What transpired in the Albany county jail subsequent to the arraignment may be an aggravation, but forms no part of the cause of action." In the opinion the court also said: "The troopers were justified in making the arrest. They acted with promptness and diligence in the performance of their duties and were supported by the existence of probable cause, evidence of which was corroborated by medical opinion."

We emphatically disagree with these quotations. The troopers made an unwarranted arrest. Claimant had committed no crime. The arresting officers had neither reasonable nor probable cause to believe that he had violated any law. The inference is clear that they knew he had committed no offense for it later developed that they made no attempt to continue the illegal prosecution but endeavored instead to obtain a release for their unlawful acts. They found claimant in a wrecked automobile, covered with blood, suffering from shock and in a very abnormal condition. The symptoms which were present indicated that claimant was seriously injured and in dire need of hospital and medical care. The troopers knew the location of the nearby Schenectady hospital. Their conduct in forcing claimant to accompany them from place to place in order that they might obtain medical confirmation of their suspicion that he was intoxicated is utterly ruthless and callous. They made no mistake in the selection of their doctor. We reject his testimony.

The arrest of claimant was unlawful and the State is liable for all the injurious consequences to him which resulted from the wrongful act. He was subjected to an intolerable indignity; his constitutional rights were ruthlessly invaded. The aggravation of his personal injuries resulting from failure to provide prompt medical treatment, the mental suffering due to humiliation and shame because of his incarceration in jail and the unusual invasion of his personal rights are elements to be considered in fixing his damages. The sum awarded claimant by the trial court is grossly inadequate.

The judgment is modified upon the law and facts by increasing the damages to the sum of $3,500, and as so modified is affirmed, with costs to claimant.

The court reverses certain findings of fact and annuls certain conclusions of law and makes new findings of fact and conclusions of law.

CRAPSER, BLISS and SCHENCK, JJ., concur; HILL, P. J., concurs in the result.

The court hereby reverses findings of fact made by the trial court and numbered 3, 5, 6 and 12 and annuls conclusions of law made by the court numbered 2 and 5.

The court hereby finds the requests of claimant submitted to the trial court but rejected by it, numbered 5, 9, 10, 11, 13, 14 and 15.

The court finds as conclusions of law those contained in the claimant's proposed findings submitted to and rejected by the court below numbered 4, 5, 6, 7, 8, 9, and 12.

The court also finds that by reason of the facts in this case claimant has been damaged in the sum of $3,500 and judgment is hereby directed accordingly.

Judgment modified on the law and facts, and claimant's damages increased from $250 to $3,500, and as so modified affirmed, with costs and disbursements to claimant.