MERRILL M. GOOLDEN, Plaintiff, *v.* VILLAGE OF MASSENA, Defendant.

Supreme Court, Trial Term, St. Lawrence County, February 18, 1950.

*Shean & Power* for defendant.

*Charles D. Campbell* for plaintiff.

RYAN, J. The defendant in the above-entitled action seeks to have stricken from the plaintiff's complaint those allegations which set forth a cause of action against the defendant for false imprisonment and false arrest, and to dismiss that portion of the complaint alleging false arrest.

The basis of the defendant's position is predicated upon the plaintiff's alleged failure to comply with the provisions of section 50-e of the General Municipal Law.

It appears from the undisputed facts that the plaintiff was arrested on the early morning of May 9, 1949, and was incarcerated in the police station of the defendant village until 10:30 in the forenoon of that day, when he was then arraigned before a Police Justice and entered a plea of not guilty. The Police Justice released the plaintiff upon his own recognizance, and ordered him to appear for trial on May 12, 1949. It appears that the proceeding was adjourned from May 12, 1949, to June 9, 1949, and resulted on that date in the plaintiff's acquittal, after a trial by jury, and his discharge by the Police Justice.

On August 5, 1949, a notice of claim was served upon the village. It is the position of the defendant that this was more than sixty days after May 9, 1949, the date upon which the plaintiff was originally taken into custody. The defendant in support of its position, cites *Tierney* v. *State of New York* (178 Misc. 421, mod., 266 App. App. Div. 434) and the case of *Dusenbury* v. *Keiley* (85 N. Y. 383). This court after studying both of these decisions is impelled to a conclusion opposite to that arrived at by the defendant.

"The claim in this case was filed on May 31, 1940, ninety days after claimant was *discharged* from custody. The State contends that the Court of Claims was without jurisdiction to entertain it because not filed within ninety days after claimant's arrest. *The claim was timely filed,* (*Dusenbury* v. *Keiley,* 85 N. Y. 383)". (*Tierney* v. *State of New York,* 266 App. Div. 434, 437. Italics supplied.)

"It is claimed, however, on the part of the defendant that such arrest and imprisonment terminated on the 3d day of February, 1877, and at that date the warrant was dismissed, vacated and set aside, the bail given by the plaintiff exonerated, and he himself discharged from custody and set at liberty. * * * When this order was made the plaintiff's imprisonment ended. He went out of court entirely free, no longer in custody, in no respect restrained of his liberty. The original warrant had spent its force, had accomplished its wrong, had been vacated and annulled, and become dead process. A complete and perfect cause of action for false imprisonment had arisen, and could at once have been maintained." (*Dusenbury* v. *Keiley,* 85 N. Y. 383, 386.)

The unmistakable import of these two decisions is that the false arrest and false imprisonment continued down to the time that the plaintiff was discharged from custody by legally constituted authority, and was free and set at liberty without restraint. Such was not the status of the plaintiff until June 9, 1949, when he had been acquitted by a jury and discharged by the Magistrate.

Motion to strike from the complaint the allegations upon which is founded the cause of action for false arrest and false imprisonment is denied.