Benjamin Brenner, J.
Motion pursuant to rule 109 of the Civil Practice Act to strike out the defenses contained in paragraphs “ Seventeenth ” through “ Twentieth ” of the amended answer.
*638 The action is for false arrest and imprisonment. The plaintiffs were arrested on July 22, 1953 at Ebbets Field for disorderly conduct. The complaint alleges, in effect, that the defendants wrongfully, falsely and maliciously accused the plaintiffs of acting in a disorderly manner and caused plaintiffs to be arrested and deprived of their liberty against their will, and that said arrests were made by defendants without the benefit of a warrant of arrest, although the alleged disorderly acts were not committed in the presence of the arresting police officers.
Paragraph “ Nineteenth ” of the amended answer, to be read in conjunction with paragraphs “Eighteenth” and “Twentieth,” sets forth in part: “the defendant, James A. Duck * * * was informed that a riot was going on inside the Park and that one of the patrons was going berserk. * * * Prior to their removal Mr. Dobson requested said plaintiffs to leave the ballpark but they refused. * * * When Duck first contacted the plaintiffs in the box they were very noisy, and it appeared that a big party was in progress and when he was close to plaintiffs he could smell their breaths and same had an alcoholic odor.” This is a clear averment that some of the acts and conduct of the plaintiffs were observed by the police officers and were committed in their presence. Those acts and conduct come within the purview of section 720 of the Penal Law which provides that “Any person who shall by any offensive or disorderly act or language, annoy or interfere with any person in any place” is guilty of a misdemeanor (People v. Harvey, 307 N. Y. 588). A misdemeanor is a crime under section 2 of the Penal Law and a peace officer may arrest a person without a warrant for a crime committed or attempted in his presence, pursuant to subdivision 1 of section 177 of the Code of Criminal Procedure. The second separate and distinct defense contained in paragraphs “Eighteenth” through “ Twentieth ” of the amended answer is thus sufficient as a matter of law and, if true, constitutes a valid defense. (Parke v. Gilligan, 14 Misc 121.)
Paragraph “Seventeenth” of the amended answer alleges failure of the plaintiffs to comply with section 50-e of the General Municipal Law in that the plaintiffs failed to file the notice of claim within 90 days of the alleged cause of action. Defendants erroneously assert that the action accrued July 22, 1953, at the time the plaintiffs were arrested. Plaintiffs were held over until July 23, 1953 when they were released from jail, pending trial. Trial was held on September 21, 1953 when all the plaintiffs were convicted of disorderly conduct *639 and when sentence was suspended. Since plaintiffs were theoretically in restraint after their release, the cause of action for false arrest actually accrued when they were sentenced and discharged, namely, on September 21, 1953 (Dusenbnry v. Keiley, 85 N. Y. 383). They had 90 days from that date in which to serve a notice of claim (Goolden v. Village of Massena, 197 Misc. 647). The expiration date, therefore, was December 20, 1953.
Plaintiffs however insist that their notice of claim was served on December 18, 1953, as exhibited by the comptroller’s stamped admission of service on December 18,1953. Defendants having alleged the date of service to be December 22, 1953, an issue of fact as to the true date of service is raised, a fact which cannot he decided on motion papers. (Kahn v. Kahn, 256 App. Div. 1000; Scholtz v. Blumenthal Co., 241 App. Div. 528.) The defense, as set forth in paragraph “ Seventeenth ” of the amended answer must, for the purposes of this motion, be regarded as trae (Drake v. Hodgson, 207 App. Div. 783) and may not be stricken.
Motion denied. Settle order on notice.