Mario Pittoni, J.
Defendant moves under rule 106 of the Rules of Civil Practice to dismiss 15 causes of action on the ground that they fail to state causes of action, or in the alternative as to the first cause of action, that pursuant to rule 90 of the Rules of Civil Practice that plaintiff separately state and number the various causes of actions therein pleaded. Defendant contends that 14 of the causes of action are barred because the notice of claim was not filed within the 90-day period required by section 50-e of the General Municipal Law. That section requires a notice of claim to be filed within 901 days after the claim arises.
The action arises out of the arrest, imprisonment, indictment and trial of plaintiff for the murder of Edward A. Reitmann. Plaintiff was arrested on September 30, 1957. He was there *276 after indicted on October 7, 1957 and after a trial was found not guilty on April 25, 1958. Plaintiff served a notice of claim on the Board of Supervisors on May 4, 1958 and upon the County Attorney on May 12,1958.
The causes of action challenged by the defendant are: the “ First,” for false arrest and imprisonment from September 30, 1957 to April 25, 1958; the “ Second,” for malicious prosecution ; the “ Third,” for deprivation of plaintiff’s constitutional rights by defendant’s use of eavesdropping equipment while plaintiff was conferring with his counsel at the county jail on the 2d and 3d of October, 1957, by defendant’s pressuring of prospective witnesses, and by lengthy and onerous interrogation on September 30, 1957; the “ Fourth,” for illegal search and seizure in plaintiff’s home on September 30,1957; the “ Fifth,” through “Ninth,” for libel; and “Eleventh” through “ Fifteenth,” for slander on the 1st, 2d, 9th, 14th and 25th of October, 1957.
All of the above causes of action except the “First” and “ Second,” clearly arose more than 90 days prior to the date of filing of the notice of claim. Those causes of action, if any, arose in September and October, 1957, and the notice of claim was not filed until May, 1958.
The “ Sixteenth ” cause of action is attacked because it is a repetition and a duplication of the “ Tenth ” cause of action which pleads a cause of action for libel on April 18,1958. However, the “ Sixteenth ” cause of action is for slander per se on April 18, 1958 and is sufficient. It will not be stricken down because of the failure to allege that the statement was false as the law presumes that a defamation is false, and the defendant has the burden of pleading and proving its truth (Bingham v. Gaynor, 203 N. Y. 27, 34).
As to the “First” cause of action for false arrest and imprisonment, the action arose upon plaintiff’s discharge in April, 1958, and the notice of claim filed in May, 1958 was filed within the 90-day period required by section 50-e of the General Municipal Law. The period begins upon cessation of imprisonment, detention or restraint upon the person’s physical liberty. (Dusenbury v. Keiley, 85 N. Y. 383, 386 ; Tierney v. State of New York, 266 App. Div. 434, 437, affd. 292 N. Y. 523 ; Salerno v. Lansing, 269 App. Div. 810 [4th Dept.] ; Fischer v. Seamen’s Church Inst. of N. Y., 195 Misc. 471, mod. on other grounds 275 App. Div. 1047 ; Goolden v. Village of Massena, 197 Misc. 647 ; La Curto v. Brooklyn Nat. League Baseball Club, 6 Misc 2d 637 ; Mierop v. State of New York, 22 Misc 2d 216, 223.)
*277 Dill v. County of Westchester (4 A D 2d 779 [2d Dept.]) is not to the contrary. There the notice of claim was served 91 days after cessation of imprisonment. The court also said that “ a cause of action for false imprisonment accrues the instant the imprisonment takes place and becomes complete the moment the detention ceases ” (emphasis added), and cited the Dusenbury, Tierney and Salerno cases.
In support of its position the defendant county states in its brief that the plaintiff was indicted by the Grand Jury. However, on this motion under rule 106 of the Rules of Civil Practice, the defendant authorizes the court to accept as true the relevant allegations of fact and reasonable inferences therefrom (St. Regis Tribe of Mohawk Indians v. State of New York, 5 N Y 2d 24, 36); and affidavits and matters stated outside the complaint are not permitted on this motion. In this case, plaintiff having established the fact of imprisonment, the burden is now upon the defendant to show legal justification (Snead v. Bonnoil, 166 N. Y. 325, 328).
As to the “ Second” cause of action, the tort of malicious prosecution accrues upon the termination of a criminal proceeding by a judgment in favor of the accused (Marks v. Townsend, 97 N. Y. 590, 595 ; Jones v. Independent Fence Co., 12 Misc 2d 413). Although the admission by plaintiff of his indictment by the Grand Jury constitutes prima facie evidence of probable cause for his prosecution, this does not dispose of his cause of action, as he alleges that defendant withheld and distorted evidence and influenced witnesses who appeared before the Grand Jury (Eberhardt v. Consolidated Edison Co. of N. Y., 1 A D 2d 1001, affd. 3 N Y 2d 968). In the Eberhardt case the court recognized the rule that the prima facie evidence of probable cause of a Grand Jury indictment “ may be overcome only by proof that there was not a full and complete statement of facts to the Grand Jury, or that defendant falsified the evidence or kept back information of facts which might have affected the result (Hopkinson v. Lehigh Val. R. R. Co., 249 N. Y. 296 ; Berger v. American Nat. Fire Ins. Co., 279 App. Div. 335, 336).”
The allegations in the seventh and eighth paragraphs of the “First” cause of action, alleging onerous and lengthy interrogations, ridicule and scorn, disturbance of normal way of life, retention of counsel, etc., do not plead additional causes of action, but rather are proper allegations of damage for a cause of action for false arrest and imprisonment.
*278 . The motion to dismiss the ‘ ‘ Third ’ ’' through ‘ ‘ Ninth ’ ’ and “ Eleventh ” through “ Fifteenth ” causes of action is granted; and the motion to dismiss the “First,” “Second” and “ Sixteenth” causes of action is denied. No motion was made in respect to the “Tenth ”.