Richard S. Heller, J.
These two claims for assault and battery and false arrest and imprisonment and. malicious prosecution arose out of the same episode and were tried together.
The claimants are husband and wife and on March 22, 1956 they resided with their two children in their home in the Town of G-uilderland, Albany County, New York. The house is located approximately 60 feet from the fence along the New York State Thruway.
On March 22, 1956, there was reported to the State Police that a vehicle traveling on the Thruway near the claimants’ home was struck by an object which splintered the windshield. The nature of the object which struck the windshield was not known but according to the occupants of the damaged car, there was no vehicle ahead and no vehicles traveling in the opposite direction. They observed no persons on or near the Thruway.
A State Trooper accompanied one of the occupants of that car to the point where the damage allegedly occurred and the *11 Trooper proceeded alone up an incline from the Thruway pavement, over a fence and to an area where he observed some trodden down snow and footprints leading toward the claimants’ residence. The Trooper proceeded to the claimants’ home and knocked on the front door and was greeted by claimant Wayne L. Powell from the side of the house. The Trooper entered the kitchen of the home walking past Mr. PoAvell and then Avithout invitation and without making any of the foregoing facts known proceeded into the living room of the home where Mrs. Powell was undergoing a heat lamp treatment only partially clad. At that time Mrs. Powell was some eight months’ pregnant.
After some interrogation and as a result of Powell’s statements the Trooper left the house and inspected the Powell’s car without raising the garage door and then re-entered the house without permission and told Powell that he had to accompany him. During all of this period the Trooper gave no information as to why he Avas there, what he was investigating or any basis for requiring Mr. Powell to accompany him.
Mr. Powell resisted and as a result there was an altercation with violence betAveen the Trooper and Powell and Mrs. Powell.
At this point the Trooper told PoAvell that he was under arrest without statement of any charges or basis. Mr. PoAvell called for police aid and two more Troopers and a police officer arrived at the scene. Claimant Powell refused to accompany the first Trooper with whom the altercation had occurred to a Justice of the Peace but did accompany two other Troopers and his wife insisted upon accompanying her husband. The Trooper who was engaged in the altercation swore to an information charging both claimants with the violation of subdivision 5 of section 242 of the Penal Law and claimant Frances Powell was placed under arrest at that time. Both defendants were arraigned. Mr. Powell was released on bail of $500 furnished by his attorney and Mrs. Powell was released in the custody of her attorney without bail.
The Trooper arrived at claimants’ home shortly after 8 o’clock in the evening. The claimants were taken from their home to the home of the Justice of the Peace and following the posting of bail by claimants’ attorney for claimant Wayne L. Powell and the release in the attorney’s custody of claimant Frances Powell they Avere taken to the Latham barracks of the State Police where they were fingerprinted and photographed. They were taken home from Latham barracks by their attorney, arriving there at about 2 o’clock in the morning. Claimants waived examination before the Magistrate and their attorney obtained an adjournment of the matter until after the claimants ’ *12 child was born. The claimant and his wife signed waivers of immunity and testified before the Grand Jury on or about June 22 or 23, 1956 and no true bill was found.
The State urges that in approaching the Powell home the officer had reasonable cause to believe that a felony had been committed within the provisions of subdivision 4 of section 242 of the Penal Law and that he was therefore carrying out his duty under section 223 of the Executive Law to prevent crime and apprehend criminals. It is significant, however, that no charge of a violation of subdivision 4 of section 242 of the Penal Law has ever been made against these two claimants in connection with the matter under investigation by the State Trooper. The facts in the Trooper’s possession do not convince this court that he had any reasonable cause to believe that a felony had been committed and to believe that either of the claimants had committed a felony. Certainly Trooper Yoight made no such charge against either of the claimants.
Since no misdemeanor had been committed in the Trooper’s presence and he had no reasonable cause for believing that either of the claimants had committed a felony, he was without any authority to make an arrest (Code Crim. Pro., § 177) and Trooper Yoight’s conduct at the claimants’ home was an unlawful invasion of their property and person. Under these circumstances their use of force in resisting such invasion was lawful so long as the force used was reasonable. (Penal Law, § 246, subd. 3; Houghtaling v. State of New York, 11 Misc. 2d 1049.)
. The arrest of claimant Wayne L. Powell in his home was unlawful and improper and came about without fault on the part of the claimant.
Subsequent to the improper and unlawful arrest of the claimant Wayne L. Powell, an information charging him with a violation of subdivision 5 of section 242 of the Penal Law was sworn to by Trooper Yoight before a Justice of the Peace. This information and subsequent arraignment on the charge was apparently based solely upon the sworn statement of the Trooper without any further investigation by the Magistrate.
The claimant Prances Powell was not arrested until after the swearing to an information by Trooper Yoight charging her with a violation of subdivision 5 of section 242 of the Penal Law. The arrest pursuant to this information was apparently without any further investigation by the Magistrate beyond the sworn statement of the Trooper.
At the time of the arrest the claimant Wayne Powell was employed by the General Electric Company in a position subject *13 to security provisions of the Federal Government and as a result he was required to report the entire episode to his employer and will be so required to report in the future.
The claimants incurred an expense of $150 for legal representation as a result of the unlawful arrest. A handle on their refrigerator was broken in the scuffle and replacement cost was $7.50. Bail of $500 was posted for the claimant Wayne L. Powell and only $490 was returned following the failure of the Grand Jury to find a true bill.
The claimant Wayne L. Powell consulted a physician as a result of the sore back and sore neck which he suffered and had some physical discomfort for about a week. The claimant Frances L. Powell suffered from nervousness and insomnia from the time of the arrest until the birth of her child.
The court finds that the claimant Wayne L. Powell is entitled to a judgment in the amount of two thousand five hundred ($2,500) dollars which shall be entered by the Clerk and the claimant Frances L. Powell is entitled to a judgment in the amount of two thousand ($2,000) dollars which shall be entered by the Clerk.
Neither of these ólaims has been assigned or submitted to any other tribunal or officer for audit and determination.
The foregoing constitutes the written and signed decision of the court pursuant to section 440 of the Civil Practice Act.
Let judgments be entered accordingly.