Theodore GL Barlow, J.
The court, without a jury, having found the defendants liable for false imprisonment, has taken additional proof to be considered on the question of the amount of damages. The parties have stipulated that the court shall also consider the evidence adduced on the trial of the issue of liability, insofar as it is relevant to the assessment of damages.
The measure of damages for false imprisonment is “ such a sum as will fairly and reasonably compensate the injured per *996 son for the injuries caused by the defendant’s wrongful act, including any special pecuniary loss which is a direct result of the false imprisonment ” (Nastasi v. State of New York, 194 Misc. 449, 458, revd. on other grounds 275 App. Div. 524; see, also, 10 Encyclopedia, N. Y. Law, Damages, § 829 and cases cited; Tierney v. State of New York, 266 App. Div. 434, affd. 292 N. Y. 523.)
One element of the infant’s damage is his mental suffering resulting from fear and apprehension of the reaction of his parents and his community to his involvement with the police. The court assesses this damage at $500.
The infant suffered severe bodily injuries when, while trying to escape, he fell from the window of the bus in which he was unlawfully imprisoned. The wheels of the bus passed over him. The defendants contend that these injuries are not a proper element of damages for false imprisonment. However, the court concludes that the infant had a right to try to escape; that he was not negligent; that his attempt to escape was foreseeable and the proximate result of his imprisonment and that he is entitled to recover in full measure, damages for the bodily injuries he sustained.
If peril, negligently imposed, invites escape (see, Friedman v. State of New York, 54 Misc 2d 448, mod. 31 A D 2d 992; Twomley v. Central Park North and East Riv. R.R. Co., 69 N. Y. 158), then certainly false imprisonment invites escape. False imprisonment is an intentional tort. Is the law to be more restrictive in allowing damages for an intentional act than a negligent one? If damages are allowed for bodily injury incurred resisting false arrest (see, Frady v. State of New York, 19 A D 2d 783; Powell v. State of New York, 19 Misc 2d 9), then logic requires that damages should be permitted for injuries received resisting, i.e., escaping, false imprisonment.
No cases have been found in which New York courts passed directly on the questions here presented and only a few in other jurisdictions; but these few are consistent with the result reached herein.
In Cieplinski v. Severn (269 Mass. 261) the Supreme Judicial Court of Massachusetts construed the declaration (complaint) as containing a cause of action for false imprisonment. The defendant failed to stop his truck to let plaintiff out when plaintiff demanded it, after defendant made indecent advances to her. Plaintiff then stepped from the running board and hurt her ankle. The court held that the act of stepping from the truck could not be said, as a matter of law, not to be the proximate consequence of the false imprisonment and that her contribu *997 tory negligence, if any, is not a defense but bears only on the amount of her damages. The defendants in the case at bar seek to distinguish this decision on the grounds that Mrs. Cieplinski was escaping from indecent advances as well as from false imprisonment; but the Massachusetts court expressly stated that the indecent advances did not have to be proved to maintain the action for false imprisonment although they might be proved in aggravation of damages.
In Emmons v. Quade (176 Mo. 22) a 12-year-old boy broke his arm when he fell trying to escape from a box car in which a defendant was trying to imprison him. The boy was a trespasser. The Supreme Court of Missouri held erroneous the instructions to the jury that the defendants were excused from responsibility for any injury which the boy sustained in his efforts to escape from a wrongful imprisonment. It further held that contributory negligence was no defense.
The defendants have cited Hadler v. Rhyner (244 Wis. 448). Mrs. Hadler sustained bodily injuries when she fell on her own porch after being driven home upon her release from being falsely imprisoned in the Sheriff’s office. This case is distinguishable. It does not involve an escape. She had been released from custody a considerable time earlier and a considerable distance from her home.
The court does not decide whether contributory negligence in escaping bars recovery for bodily injuries incurred. On the basis of the few cases from other jurisdictions, cited above, and on principle, it would seem that it does not; but the court does not reach the question since it concludes that the infant plaintiff was not contributorily negligent.
The court finds that the infant was not negligent either in the method of escape chosen or in the manner in which he executed it. He must be judged by the standards of a 14-year-old boy faced with the circumstances in which he found himself. He had seen six other boys jump out without injuring themselves. He was preparing to jump when the bus slowed for the turn. He had no reason to anticipate that the bus would run over the curb and jar him loose from the window.
It was foreseeable that the children on the bus would attempt escape by going out the windows, at least, after one child had tried it successfully. The court finds that the driver must have known about some of the escapes preceding the infant plaintiff’s attempt. Considering the nature of children, additional attempts at exiting through the windows became almost a certainty. It was also foreseeable that a child might be injured in the process, not necessarily by being run over by the bus, but in *998 some manner. Since the infant was not negligent, the court will neither bar his recovery nor diminish the amount of damages attributable to his bodily injuries.
The bodily injuries suffered by the infant in the course of his attempted escape were the direct result of the unlawful restraint and both the driver and his employer must respond in damages. His damages are assessed at $75,000. His injuries were severe and the pain and suffering they caused were intense and prolonged. Some of his injuries are permanent and likely to cause him additional pain, suffering and disability throughout his life.
Punitive damages are denied. The driver’s conduct did not display such a degree of wantonness as would justify exemplary damages.
The infant’s father’s damages are assessed at $5,797.85 for medical expenses incurred on account of his son’s injuries and $750 for loss of services.