HERMAN BRANDT, Appellant, *v.* MARTIN L. COHN, JR., Respondent.

First Department, December 17, 1937.

*Jacob M. Mandelbaum* of counsel [*Leon Kauffman,* attorney], for the appellant.

*Harry Hoffman* of counsel [*Milton E. Mermelstein* with him on the brief; *Guggenheimer & Untermyer,* attorneys], for the respondent.

CALLAHAN, J.   The action is one for malicious prosecution.

The amended complaint alleges that plaintiff was indicted, tried and acquitted of the charge of grand larceny in obtaining certain moneys on allegedly false representations made in connection with the sale of an interest in an oil well.

Standing alone the assertion in the complaint that the criminal prosecution proceeded by indictment would amount to an admission of the existence of probable cause. (*Hopkinson* v. *Lehigh Valley Railroad Co.,* 249 N. Y. 296.)   Plaintiff, in order to overcome the effect of this admission, alleges further that the defendant willfully and maliciously testified falsely before the grand jury, for the purpose of procuring the indictment.   He does not rely on mere conclusions as the pleader did in the case of *Finsilver* v. *Still* (240 App. Div. 87), but alleges facts showing in what respect the testimony was false.   Such allegations were essential to a proper

complaint.  (*Graham* v. *Buffalo General Laundries Corp.*, 261 N. Y. 165.)

The Special Term struck out the allegations relating to the falsity of the defendant's testimony before the grand jury (Paragraphs 11, 12 and 13 of the amended complaint), on the ground that they purported to allege direct knowledge of the proceedings before the grand jury, whereas plaintiff, in paragraph 14 of his complaint, states that he was without such knowledge. Paragraph 14 merely asserts that the plaintiff had no knowledge or notice of the proceedings before the grand jury *at the time same were had*, and that he did not appear before the grand jury, or have an opportunity to present his version of the facts. Such statement is not tantamount to an allegation that plaintiff is presently without knowledge or information concerning the testimony given before the grand jury.

The defendant seeks to sustain the order striking out the allegations referred to, on the ground that, under the common law and statutory requirements as to secrecy of grand jury proceedings, plaintiff must be presumed to be without knowledge on the subject of defendant's testimony in such proceedings. Defendant argues that, accordingly, allegations of the falsity of his testimony are sham. Defendant's claim that lack of knowledge must be deemed to exist as to what testimony was given is based upon the assumption that there is no legal method by which plaintiff could ascertain the nature of defendant's testimony before the grand jury, except by an inspection of the minutes. Such an inspection was denied plaintiff in the criminal proceedings.

The question involved herein is solely one of pleading. It being necessary for plaintiff to allege the falsity of the defendant's testimony, in order to sustain his complaint, allegations setting forth such falsity may not be stricken out as sham, unless it is clearly demonstrated that they are without foundation in fact. As this is not a case where the allegations are presumptively false, the moving party has the burden of establishing the essential element of their falsity in order to strike out such allegations as sham. (*Gilbert* v. *Burnstine*, 135 Misc. 305, 311.) Defendant herein submits no affidavit to establish that his testimony before the grand jury was true. He relies solely on the argument outlined above, that plaintiff is deemed in law to be without knowledge on the subject.

While public policy dictates that proceedings before the grand jury must, ordinarily, be secret, it does not under all circumstances prevent one from establishing the nature of the testimony so given.

(*People ex rel. Hirschberg* v. *Board of Supervisors*, 251 N. Y. 156.) If the rule went as far as defendant contends, it might well be impossible to establish that a prosecution was malicious in any case where the criminal proceedings involved indictment by a grand jury.

Aside from the question as to whether a copy of the grand jury minutes may be procured by means of legal process in a civil action, which we do not pass upon, we can conceive of other means whereby the falsity of the testimony given might be established. For example, a situation might exist where a defendant in a malicious prosecution action could be shown to have made admissions on the criminal trial, or out of court, that his testimony before the grand jury was false. Such proof would clearly be admissible. The illustration demonstrates that proof on the subject is not impossible of procurement.

In the present case, despite the failure of defendant to support his claim that the statements in the complaint are sham, plaintiff attempts to show by circumstantial proof what the defendant's testimony was before the grand jury, and that it was false. His answering affidavit sets forth the nature of the averments in the indictment as to alleged false representations; the representations which plaintiff in fact made on the sale; the testimony given by the defendant on the criminal trial concerning such representations, and to the effect that no one was present but plaintiff and defendant at the time these representations were made; that defendant testified before the grand jury, and that the district attorney frequently referred to such testimony in examining defendant as a witness. Such allegations were sufficient to overcome the unsupported assertions of defendant that the claim of falsity was sham, if, indeed, they do not justify an inference that the testimony of defendant before the grand jury was similar to that given by him on the trial, and false.

Plaintiff will have the burden upon the trial of the action to prove lack of probable cause. (*Burns* v. *Wilkinson*, 228 N. Y. 113.) To do this he must by competent proof support his allegations that the testimony given by the defendant before the grand jury was false. We need not be concerned now with the question as to how he may meet that burden.

The complaint sufficiently sets forth a cause of action if the allegations stricken out are restored.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with leave to the defendant to answer within twenty days after service of a copy of the order

to be entered hereon, with notice of entry, upon payment of said costs.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied, with leave to the defendant to answer within twenty days after service of order upon payment of said costs.