JAMES ARMSTRONG, Respondent, v. SIDNEY MISHKIN et al., Appellants.— In an action to recover damages for malicious prosecution, the defendants appeal from an order denying their motion to dismiss the amended complaint for insufficiency and from " every intermediate order ". Order denying motion to dismiss the amended complaint affirmed, with $10 costs and disbursements. According to the amended complaint, plaintiff, when brought before a Magistrate of the City of New York on a charge of grand larceny, made by defendants, waived examination and gave bail to await the action of the Grand Jury. That body dismissed the charge, thereby terminating the criminal prosecution. The amended complaint does not allege there was an examination before the Magistrate. In our opinion the mere waiver of examination before a committing Magistrate, who has not power to determine guilt or innocence of the charge made against a defendant, is not tantamount to an admission that a crime has been committed and that there is sufficient cause to believe he is guilty. (*Hodge* v. *Skinner*, 254 App. Div. 42; *Vallon* v. *Ramage*, 196 Misc. 740.) When the accused waives examination in a court where his guilt may not be determined, in effect he is requesting simply that the examination shall be transferred to another officer or body. In *Stern* v. *Rindeman* (247 App. Div. 345) the criminal charge was based on a bad check, concededly signed by the plaintiff as a corporate officer. The waiver of examination was made after an informal inquiry into the facts and after the Magistrate had stated to plaintiff's counsel that the evidence which plaintiff wished to offer was a matter of rebuttal which could only be considered in another court and that it would be necessary to hold the plaintiff and his codefendant. We assume the statement in the opinion in that case as to the legal effect of the holding by the Magistrate and waiver of

examination was based on the inquiry which was made by the Magistrate in that case. Appeal from intermediate orders dismissed, without costs. Wenzel, Acting P. J., MacCrate, Schmidt and Murphy, JJ., concur; Beldock, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: Under the Code of Criminal Procedure, a magistrate has jurisdiction to do one of two things: (1) Discharge the defendant (§ 207); or (2) hold him to answer (§ 208). Whether or not defendant waives examination, if the magistrate holds him to answer, the magistrate must make an order that the crime has been committed and that there is sufficient cause to believe defendant guilty (§ 208). Under these statutory provisions, when a defendant in a criminal proceeding waives examination, he must be considered to have admitted, for that purpose and for no other, that the testimony, if taken, would be sufficient to justify the magistrate in holding him. The sufficiency of the evidence to warrant the magistrate in holding the defendant may be made to appear by his admission to this effect, as well as by the examination of witnesses. This admission a defendant may make, notwithstanding the plea that he was in fact not guilty. The waiver of examination was tantamount in law to a finding of the magistrate that there was sufficient cause to believe the defendant in that proceeding guilty. It was the equivalent of a hearing and constituted prima facie evidence of probable cause. (*Stern* v. *Rindeman,* 247 App. Div. 345; *Leggett* v. *Montgomery Ward & Co.,* 178 F. 2d 436; *Seaboard Oil Co.* v. *Cunningham,* 51 F. 2d 321, certiorari denied 284 U. S. 657; *Stewart* v. *People,* 42 Mich. 255; *Cowell* v. *Patterson,* 49 Iowa 514; *State* v. *Ritty,* 23 Ohio St. 562; *State* v. *Freeman,* 93 Utah 125; *Latimer* v. *State,* 55 Neb. 609; *Brady* v. *Stiltner,* 40 W. Va. 289; *State* v. *Byrd,* 41 Mont. 585; *Hess* v. *Oregon German Baking Co.,* 31 Ore. 503.) A complaint in an action for malicious prosecution is insufficient unless plaintiff alleges facts to overcome this prima facie evidence of probable cause (*Hopkinson* v. *Lehigh R. R. Co.,* 249 N. Y. 296, 300), which this plaintiff has not done.