Benjamin Brenner, J.
Defendants move to dismiss the complaint as barred by the Statute of Limitations, pursuant to subdivision 5 of rule 107 of the Buies of Civil Practice, or, in the alternative, to dismiss for insufficiency pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice.
The complaint alleges that the defendant Schulman individually and as an officer of the defendant corporation maliciously and without reasonable or probable cause charged the plaintiff with the crime of larceny for having removed materials from the premises of the corporate defendant, and converted same; that said defendant procured plaintiff’s arrest and imprisonment for 10 hours before being taken before a Magistrate and held in bail; that upon trial thereafter in the County Court plaintiff was acquitted and discharged, sustaining damages.
The defendants contend that the arrest and imprisonment having occurred more than two years prior to the commencement of suit, the action, based on such charge, is barred. Plaintiff, however, argues that this is essentially an action for malicious prosecution and thus not barred by the Statute of Limitations.
To properly determine the applicability of the statute the complaint must first be examined to discover whether it charges false arrest rather than malicious prosecution. The latter is based upon a prosecution begun by the issuance of and arrest under a valid process, either civil or criminal. False imprisonment or arrest is a detention without valid process or issued against a person wrongly arrested under it. A complaint for false imprisonment must allege facts showing the arrest, detention or deprivation of liberty by the defendant or at his instigation without a warrant or without legal warrant or under a valid warrant intended for another, and the pleader need not allege malice or want of probable cause. In an action for malicious prosecution the pleader alleges that judicial prosecution was instituted either in a criminal or civil proceeding without probable cause, and was activated by malice when instituted and that the proceedings terminated in plaintiff’s favor and that damages were sustained. (See 1 Bender’s Forms of Pleading, §§ 7, 20.)
Bearing the above in mind, the complaint as here pleaded attempts to charge the defendants with malicious prosecution only, since it purports to allege a criminal charge begun in malice, without probable cause to believe that prosecution therefor could succeed and that it actually ended in failure. (Burt v. Smith, 181 N. Y. 1, 3-5.) Hence the Statute of Limitations begins to toll from the day when the judgment was rendered in *415 favor of the plaintiff in the malicious prosecution action (Marks v. Townsend, 97 N. Y. 590; Muntz v. Leonard, 139 Misc. 320) and it is no bar to this suit.
As to the motion under subdivision 4 of rule 106 the sufficiency of the pleading must also be determined only by its contents. The complaint specifically alleges that the criminal proceeding terminated in the County Court. It necessarily follows that the Magistrate either held the plaintiff for the action of the Grand Jury after a hearing or that the plaintiff waived examination. However, what transpired at the preliminary hearing cannot be determined from the complaint. If the plaintiff was held by the Magistrate, after examination, to await the action of the Grand Jury, this constitutes prima facie evidence of probable cause (Hopkinson v. Lehigh Val. R. R. Co., 249 N. Y. 296) and plaintiff must plead more than a favorable determination. It is not sufficient for the complaint merely to allege malice and want of probable cause in so many words. The complaint must by appropriate allegations overcome the effect of the admission which the plaintiff is forced to make that he was held for the Grand Jury and must show the existence of facts explaining and contradicting the existence of probable cause. (Graham v. Buffalo Gen. Laundries Corp., 261 N. Y. 165; Chernow v. Feldman, 251 App. Div. 329; Brandt v. Cohn, 252 App. Div. 649; Green v. General Cigar Co., 238 App. Div. 638; Horowitz v. Goldberg, 124 N. Y. S. 2d 237.) Where, however, the defendant waives examination before the Magistrate, such waiver does not establish prima facie evidence of probable cause (Armstrong v. Mishkin, 286 App. Div. 864; Hodge v. Skinner, 254 App. Div. 42; Vallon v. Ramage, 196 Misc. 740) and a plaintiff need not plead the additional facts to overcome any prima facie evidence of probable cause. In any case, as the complaint is now framed, it is apparent that the plaintiff was indicted which in and of itself constitutes prima facie evidence of probable cause and imposes upon plaintiff a duty to allege facts which overcome such prima facie evidence. (See Brandt v. Cohn, supra.) Until the plaintiff clarifies his pleading, the complaint fails to set forth facts sufficient to constitute a cause of action.
Accordingly, the motion is denied under rule 107 of the Rules of Civil Practice and granted as to rule 106, the complaint being dismissed without prejudice to plead over if so advised within 20 days after the service of a copy of the order to be entered herein with notice of entry.
Settle order on notice.