Charles Lambíase, J.
Claimant filed this claim to recover for alleged assault, false arrest, false imprisonment, and malicious prosecution. The State resists the alleged causes of action on the merits and further submits that assuming arguenüo and for that purpose only claimant had a claim by reason of any or all of the alleged causes of action, the claim must be dismissed for it has not been timely filed and served and because any and all of the alleged causes of action have been released in full and unconditionally.
On July 13,, 1953 claimant was arrested by a New York State trooper, one, Lee J. Konkle, for an alleged violation of the Vehicle and Traffic Law of the State of New York. He was taken to the office of one John L. Lugert, a Justice of the Peace, in and for the Town of G-reenport, New York, charged with and arraigned upon said alleged violation, and the matter was adjourned to July 16, 1953. On the latter date the trooper filed an amended information charging a different violation of the Vehicle and Traffic Law. The matter was adjourned to July 18,1953 at which time a trial was had. The charge was dismissed and claimant was found not guilty and discharged.
Immediately following his discharge and while he was still in the office of the Justice of the Peace, claimant was again arrested by trooper Konkle, this time by virtue, of a warrant issued by one, Alfred Hawthorne, a Justice of the Peace, for the crime of assault third degree alleged to have been committed *1051 by claimant. During the course of this arrest there arose the events upon which claimant bases his causes of action. Claimant testified that he asked of the trooper to see the warrant, and that he was never shown it; and that he was handcuffed, struck land beaten without cause or provocation by the trooper. Justice of the Peace Lugert testified that the trooper went up to claimant and told him that he was under arrest for assault third degree, told him to stand up — which claimant did — upon which the trooper put handcuffs on him; that claimant’s attorney asked to see the warrant; that the trooper handed him a piece of paper; that claimant’s attorney made notations therefrom; that claimant and the trooper got into a scuffle during which they crashed against the door of the Justice’s office; that he saw claimant’s handcuffed hands come down in the direction of the trooper’s neck; and that the trooper did not draw his pistol while in the courtroom. Another of claimant’s witnesses and claimant’s attorney testified that the trooper drew his gun while he was in the courtroom and waved it around menacingly. While the foregoing events were taking place, another State trooper arrived upon the scene. Following the arrest claimant was taken immediately before Justice of the Peace Alfred Hawthorne and was admitted to bail, and the matter was adjourned. Sometime later claimant was tried and convicted of said charge of assault third degree.
Thereafter and on the 18th day of July, 1953 claimant was arraigned before Justice of the Peace Chester Schaaf upon a warrant charging assault second degree upon trooper Konkle as a violation of subdivision 5 of section 242 of the Penal Law, upon an information laid before the Justice by trooper Konkle, which section in pertinent part and which subdivision at all times herein mentioned read as follows:
“ A person who, under circumstances not amounting to the crime specified in section two hundred and forty, * * *
“ 5. Assaults another with intent to commit a felony, or to prevent or resist the execution of any lawful process or mandate of any court or officer, or the lawful apprehension or detention of himself, or of any other person,
‘1 Is guilty of assault in the second degree. ’ ’ He was held by the Justice of the Peace, bail was fixed, and he spent five days in jail before being released on bail. He was later indicted on said charge by a Grand Jury of Columbia County, New York, and on or about October 26, 1953 trial of said indictment was had and he was acquitted and discharged.
By summons dated September 29, 1953 and by complaint verified September 29, 1953, claimant started an action against *1052 trooper Konkle in the Supreme Court of the State of New York, Columbia County. This complaint alleged the arrest of July 13, 1953, the proceedings before Justice of the Peace Lugert in connection therewith, and the dismissal of the charge and the acquittal of'claimant. It alleged further: “ That as a result of the foregoing plaintiff was greatly injured both bodily and mentally and was subjected to humiliation, embarrassment and scorn among those who knew him in said Town of Greenport and elsewhere and as aforesaid was obliged to attend a hearing of said charge on the 16th day of July 1953 at 7 p.m. under circumstances which brought about a personal charge of assault second degree being made against plaintiff by the defendant and whereby plaintiff was re-arrested and imprisoned and all of which occurred before said justice of the peace and as a result of all of which plaintiff was obliged to and did expend large sums of money for counsel for his defense and to procure his discharge from arrest.”
This action was settled by the payment of the sum of $300 to claimant. A release dated and acknowledged March 22, 1954 was signed by claimant and delivered to trooper Konkle: It is in the usual form of a printed general release and, among other things, contains the following provision in typewritten form: “ Said release is in full satisfaction of any cause of action arising from arrest of deponent on or about July 13, 1953 and resulting in action commenced in Columbia County Supreme Court by summons issued September 29th, 1953 now on Supreme Court Calendar for trial.”
Upon the trial of this claim we dismissed the alleged cause of action for assault, considered as a separate and distinct cause of action, because of the failure to file and serve the same pursuant to and within the provisions of subdivision 3 of section 10 of the Court of Claims Act. We stated, however, upon dismissal that we were not foreclosing ourselves thereby from the consideration of any evidence establishing mistreatment or abuse of the claimant pertinent to damages in connection with any other cause or causes of action alleged in the claim and which were not being dismissed and which are properly before us for consideration or decision.
In the orderly consideration of this claim we discuss first the question of the filing and of the service of the claim, the State maintaining that the claim has not been timely filed and timely served. We have concluded that, except for the cause of action for assault which we dismissed upon the trial as hereinbefore noted, the claim as to the remaining • alleged *1053 causes of action of false arrest, false imprisonment, and malicious prosecution was timely filed and timely served.
False arrest and false imprisonment as causes of action are indistinguishable, the only distinction lying in the manner in which they arise. (22 Am. Jur., False Imprisonment, p. 354, § 3.) False imprisonment has been defined to be a trespass committed by one against the person of another by unlawfully arresting him and detaining him without any legal authority. (Snead v. Bonnoil, 166 N. Y. 325.) It was only when claimant was acquitted on October 26, 1953, after trial of the indictment alleging assault in the second degree, that he was discharged from custody and was in no respect restrained of his liberty. (Dusenbury v. Keiley, 85 N. Y. 383, 386; Worden v. Davis, 195 N. Y. 391; Tierney v. State of New York, 266 App. Div. 434, affd. 292 N. Y. 523.)
A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure. (Burt v. Smith, 181 N. Y. 1, 5.) Thus an essential element of malicious prosecution is a termination, favorable to the claimant, of a prosecution. The prosecution of claimant ended in failure on October 26, 1953.
This claim was filed in the office of the clerk of this court on December 12, 1953 and was served upon the office of the Attorney-General of the State of New York on the same day. We conclude that the filing and service of the claim herein alleging the foregoing causes of action was timely being within 90 days of the date of the acquittal and discharge of claimant.
Next we turn to the defense of the release for if indeed the release affects all of the alleged causes of action now before us, there is no necessity for considering any of the other issues since the valid release of trooper Lee J. Konkle would release also the State of New York, his employer, unless the right to proceed against the State of New York, notwithstanding, was reserved therein. There is no such reservation contained in the release. The State of New York contends that the release is general and unconditional, and that all of said alleged causes of action have been released thereby as against it and trooper Konkle, its employee. Claimant insists that said alleged causes of action have not been released at all and emphasizes the typewritten portion, hereinbefore quoted, of the release to support his position. He urges that other portions of the complaint, which the State asserts as the basis for its conclusion that the causes of action set forth in the claim have been released, are merely recitals. While the question presented is *1054 not without its perplexities, we have concluded that the causes of action set forth in the claim were not released by the general release.
The arrest of claimant on the charge of assault third degree, hereinbefore referred to, was by virtue of a warrant. Without a warrant, the arrest, being for an alleged misdemeanor not committed in the presence of the arresting officer, would have been unlawful (Code Crim. Pro., § 177). It would have constituted an offense against the person of the claimant, under which circumstances claimant would have had the privilege of resisting and using ‘ ‘ force and violence ’ ’ against his assailant, even though he was a police officer, to prevent such offense if the force or violence used by him was not more than sufficient to prevent such offense. (Penal Law, § 246, subd. 3; People v. Cherry, 307 N. Y. 308.) When an arrest is made by virtue of a warrant, “ The defendant must be informed by the officer that he acts under the authority of the warrant, and he must also show the warrant, if required.” (Code Crim. Pro., § 173.) Upon this record we may not and do not hold that trooper Konkle did not comply with section 173 of the Code of Criminal Procedure.
“ The defendant is not to be subjected to any more restraint than is necessary for his arrest and detention.” (Code Crim. Pro., § 172.) And “ If, after the notice of intention to arrest the defendant, he either flee or forcibly resist, the officer may use all necessary means to effect the arrest. ’ ’ (Code Crim. Pro., § 174.) Was trooper Konkle’s use of the handcuffs under the circumstances presented a gratuitous use of the same? Such use of force was not unlawful if it was necessarily used by him in the performance of his legal duty. (Penal Law, § 246, subd. 1.) Whether or not it was, under the circumstances, is a question of fact. Upon this record we may not and we do not find that more than necessary force was used, and in arriving at this conclusion we have relied heavily on the testimony of Justice of the Peace Lugert for neither trooper Konkle nor his brother trooper who aided in the arrest was produced as a witness by the State of New York.
In view of the foregoing we conclude that the arrest of claimant on the assault third degree charge was legal. Having-determined that point, if the trooper’s use of the handcuffs and of the other force which he used had indeed been excessive, such excessive use of force might have subjected the trooper to a charge of assault as a criminal offense and might have constituted the basis for a civil action for damages against him *1055 and against the State of New York, his employer. It would not have affected the legality of the arrest, however.
Now as to the arrest on the assault second degree charge: It is alleged in the claim, among other things, that trooper Konkle continued his 1 ‘ malicious prosecution of claimant hy filing an information before Chester A. Schaaf, Justice of Peace, Town of G-reenport, Columbia County, New York, charging claimant with the crime of second degree assault and whereupon claimant (sic) was confining claimant in the Columbia County Jail on said charge.” It is further alleged therein:
“ 5. That on July 24, 1953 at a hearing of said charge said trooper falsely and maliciously failed to inform the said justice of the surrounding facts and circumstances of the said charge against claimant and falsely and maliciously swore and testified before the said justice that the plaintiff had assaulted him with handcuffs without just cause and unlawfully resisted arrest and thereupon claimant was held for the action of the grand jury.
“ 6. That thereafter, on information and belief, said trooper appeared before the September 1953 term of grand jury, Columbia County, New York and falsely and maliciously swore and without reasonable or probable cause therefore testified and charged claimant with having committed the crime of assault second degree on said trooper contrary to Penal Law Section 242 sub. 5 and which charge so made by said trooper was wholly false and untrue as he then well knew. ’ ’
And by other allegations it is set forth in the claim that trooper Konkle willfully and maliciously did not make a full and complete statement of the facts either to the Magistrate or to the Grand Jury, that he misrepresented or falsified the evidence, and that he kept back information or facts which might have affected the result.
In the alleged action for malicious prosecution, the holding by the Magistrate and the indictment by the Grand Jury are prima facie evidence that the arresting trooper had reasonable cause to believe that claimant was guilty of the crime charged. Such is the rule fully established by the decision in Hopkinson v. Lehigh Val. R. R. Co. (249 N. Y. 296); Agar v. Kelsey (253 App. Div. 726); Morgan v. New York Cent. R. R. Co. (256 App. Div. 177) and by many other decisions to the same effect. To be successful in an action for malicious prosecution in such instance, it would be necessary for claimant to rebut that prima facie evidence of probable cause ‘ ‘ by showing that the defendant did not make a full and complete statement of the facts either *1056 to the magistrate or to the District Attorney; has misrepresented or falsified the evidence, or else has kept back information or facts which might have affected the result.” (Hopkinson v. Lehigh Val. R. R. Co., supra, p. 300.) We do not have before us either the record in the Justice of the Peace Court or the minutes of the Grand Jury proceeding's in the matter of the assault second degree charge. The evidence offered by claimant, in our opinion, is too weak to support a finding that claimant has met the burden of such showing.
Imprisonment which is authorized by process which is regular on its face and is issued by a court having acquired jurisdiction is lawful and cannot give rise to a cause of action for false imprisonment even though the process was erroneously or improvidently issued. In actions for false imprisonment a defendant acting in good faith may rely for protection on the order of the court even where that order is granted on evidence which does not show sufficient cause for arrest. (Fischer v. Langbein, 103 N. Y. 84, 93; Emmerich v. Thorley, 35 App. Div. 452; Schall v. Irwin, 120 Misc. 573, affd. 212 App. Div. 834; Douglas v. State of New York, 269 App. Div. 521, affd. 296 N. Y. 530; Ann. 145 A. L. E. 711, 730.) We do not understand that claimant questions the foregoing*, but it is his contention that the issuance of the warrant for assault second degree, the holding by the Magistrate and the indictment by the Grand Jury in connection therewith were accomplished by misrepresentation or suppression of facts by the State of New York acting through trooper Konkle.
It has been held that “ Process, however, that a court has general jurisdiction to award, but which is irregular by reason of the non-performance by the party procuring it, of some preliminary requisite, or the existence of some fact not disclosed in his application therefor, must be regularly vacated or annulled by an order of the court, before an action can be maintained for damages occasioned by its enforcement. (Day v. Bach, 87 N. Y. 56.) In such cases the process is considered the act of the party and not that of the court, and he is, therefore, made liable for the consequences of his act. ” (Fischer v. Langbein, supra, p. 90.)
The arrest and imprisonment of claimant on the assault second degree charge was authorized by process which was regular on its face and which had been issued by a court having acquired jurisdiction and which process was valid, enforcible, and authorized claimant’s arrest and imprisonment. Said process not having been regularly vacated or annulled at any time protected the State and its employees, and this action can *1057 not be maintained for damages occasioned by its enforcement. (Fischer v. Langbein, supra; Warner v. State of New York, 297 N. Y. 395, 400; Hendrix v. Manhattan Beach Development Co., 181 App. Div. 111.)
The claim herein has not been assigned and has not been submitted to any other officer or tribunal for audit or determination. In view of our conclusions herein wo do not reach and we have, therefore, not discussed the question of claimant’s alleged damages.
We are constrained, therefore, to the conclusion that claimant has failed to establish the causes of action set forth in the claim or any other cause of action against the State of New York. The claim must be and hereby is in all respects dismissed upon the merits.
The foregoing constitutes our written and signed decision herein pursuant to section 440 of the Civil Practice Act.
Let judgment be entered accordingly.