Samuel Rabin, J.
The defendant B K 0 Theatres, Inc., moves to dismiss each of three causes of action alleged in the complaint for legal insufficiency upon the ground that it shows on its face “that there was a holding by a magistrate, and no facts are stated to show want of probable cause or freedom from contributory wrong by the plaintiff, but as to each and every cause of action the plaintiff relies upon mere conclusions of law, unsupported by any showing of necessary fact, to allege the necessary elements of each and every cause of action.”
Assuming the truth of the factual allegations of the complaint, it appears that the plaintiff was, on November 8, 1958, a paying patron of a theatre owned and operated by B K 0. According to the first cause of action (for assault), the defendant Speights, an agent for B K 0 and acting within the scope of his authority, seized the plaintiff, removed him from his seat and struck bim on the forehead causing injury.
In the second cause of action (false imprisonment) it is alleged that said defendant Speights, as agent for the moving defendant B K 0 while acting within the scope of his authority, seized and removed plaintiff from his seat, forced bim to accompany Speights out of the theatre, and caused plaintiff to be imprisoned and deprived of his liberty.
In the third cause of action (malicious prosecution) it is alleged that the defendant Speights, as agent for the moving defendant B K 0, maliciously and without reason or probable cause, charged the plaintiff with the crime of assault in the third degree in that on the 8th day of November, 1958, plaintiff struck said defendant at B K O’s theatre; that after trial by the Court of Special Sessions in Queens County on said charge plaintiff was duly acquitted.
The court is of the opinion that the first two causes of action for assault and false imprisonment respectively are clearly sufficiently stated.
In asking this court to take judicial notice of the fact that an accused charged with assault in the third degree must be *721 arraigned before a Magistrate in order to be tried in the Court of Special Sessions, the moving defendant urges the insufficiency of the third cause of action for malicious prosecution upon the ground that there was a finding of probable cause when the Magistrate held the plaintiff for trial in the Court of Special Sessions.
The holding of an accused by a Magistrate after examination into the facts establishes prima facie probable cause for the prosecution. (Graham v. Buffalo Gen. Laundries Corp., 261 N. Y. 165.) To state a cause of action under such circumstances the complaint must, by appropriate allegations, overcome the effect of such holding by the Magistrate. (Graham v. Buffalo Gen. Laundries Corp., supra; Chernow v. Feldman, 251 App. Div. 329.)
Where, however, the accused waives examination before the Magistrate such waiver does not establish prima facie evidence of probable cause (Armstrong v. Mishkin, 286 App. Div. 864; Hodge v. Skinner, 254 App. Div. 42) and plaintiff need not plead the additional facts to overcome such prima facie evidence of probable cause (Jones v. Independent Fence Co. (12 Misc 2d 413).
The essential elements of a cause of action for malicious prosecution have been sufficiently alleged in that the moving defendant maliciously and without probable cause to believe it could succeed, instigated or instituted a prosecution against the plaintiff which has terminated in the latter’s favor, and by reason of which he has suffered damage. The court does not feel at liberty to assume, upon' a motion such as this, that the plaintiff was held by a Magistrate after an examination into the facts rather than by plaintiff’s waiver of such examination. Accordingly the motion to dismiss this cause of action is likewise denied. This disposition determines merely that the third cause of action, standing alone, has been sufficiently alleged as a matter of pleading. Said disposition will not be determinative should it be developed in the course of the progress of this litigation that the holding by the Magistrate was after an examination. (See Cohen v. Erdle, 282 App. Div. 569.)