■ HAROLD SIEGEL, Appellant, v. HARRY EPSTEIN, Doing Business as BROADWAY REALTY CO., Defendant, and MICHAEL VALENTE, Respondent.— In an action to recover damages for wrongful eviction and conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated January 21, 1964, which: (1) granted the defendant Valente's motion to dismiss the amended complaint for failure to state a cause of action (treated as a motion for summary judgment pursuant to CPLR 3211, subd. [c]); and (2) denied plaintiff's cross motion for summary judgment. Order affirmed, with $10 costs

and disbursements. It appears that, during the time alleged in the amended complaint, defendant Valente was the duly appointed Marshal of the City of Long Beach; and that the alleged tortious acts were committed by him in the course of his employment as Marshal. Pursuant to section 257 of the Charter of the City of Long Beach, in any case founded upon tort, a notice of claim is "required as a condition precedent to the commencement of an action or special proceeding against the City of Long Beach, or any officer, appointee, or employee thereof." Such notice must comply with the provisions of section 50-e of the General Municipal Law and must be given "within ninety days after the claim arises." It is undisputed that no notice of claim was here filed. Accordingly, defendant Valente is entitled to judgment dismissing the complaint (cf. *Derlicka* v. *Leo*, 281 N. Y. 266; *Feisthamel* v. *Roczen*, 273 App. Div. 937). The case of *O'Hara* v. *Sears, Roebuck & Co.* (286 App. Div. 104), upon which the plaintiff relies, is readily distinguishable in that there a notice of claim was *not* required by any law as a condition precedent to the commencement of an action against an officer, appointee or employee of the municipality. In the case at bar, as has been stated, such notice is expressly required by section 257 of the Charter of the City of Long Beach, the validity of which is not challenged. Ughetta, Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., concurs, except that he dissents as to the affirmance of the order insofar as it grants the motion of the defendant Valente to dismiss the complaint, and votes to reverse the order in this respect and to deny said motion, with the following memorandum: In my opinion, section 257 of the Charter of the City of Long Beach requires a notice of claim against an officer, appointee, or employee thereof, only in cases where the municipality would be liable for the act of such officer, appointee, or employee, or in cases where the city must indemnify such officer, appointee, or employee (cf. *O'Hara* v. *Sears Roebuck & Co.*, 286 App. Div. 104). In the case at bar, the City of Long Beach would not be liable for the alleged wrongful eviction of the plaintiff by the defendant Valente as Marshal. Nor would the city be liable for the said Marshal's alleged wrongful conversion of plaintiff's property. Nor would there be any obligation on the part of the city to indemnify the Marshal. Under the circumstances, even if what the defendant Valente did was done in the course of his official duties as Marshal, the service of a notice of claim was not necessary.