John DORAK, a/k/a Peter Dorak,
Plaintiff,

v.

COUNTY OF NASSAU OF the STATE OF NEW YORK, Defendant
(two cases).

John DORAK, Plaintiff,

v.

William CAHN, Defendant.

Nos. 69–C–485, 69–C–1561 and 69–C–1562.

United States District Court,
E. D. New York.

April 29, 1970.

Harry Heller, New York City, for plaintiff.

Morris H. Schneider, County Atty., Nassau County, for defendant; Louis Schultz, Senior Deputy County Atty., Jerrold Cohen, Deputy County Atty., of counsel.

TRAVIA, District Judge.

The three above-entitled actions were consolidated at the time of the argument of the three motions which were brought by the defendants because the actions have a common factual background.

In November 1939, plaintiff was arrested for arson. He alleges he was arrested without a warrant or probable cause, by Detective John L. Goebel, an employee of Nassau County, and that he was coerced into confessing to the arson. Without a preliminary hearing and without an attorney, plaintiff was held without bail. An indictment was returned on November 14, 1939, based solely on the alleged confession. While he was without the representation of an attorney, plaintiff pleaded guilty to the charge and was psychiatrically examined and reported to be a mental defective. On November 30, 1939, plaintiff was committed to the Napanoch Institute for the Mentally Defective. On April 4, 1941, he was transferred to Dannemora State Hospital and in October 1966, he was transferred

to Binghamton State Hospital. Plaintiff was finally discharged on July 27, 1967. On June 28, 1968, plaintiff's guilty plea was set aside, without objection by the District Attorney.

On September 16, 1968, plaintiff served a notice of claim against the County of Nassau for false imprisonment and "illegal confinement." In October 1968, he was notified by the Nassau District Attorney that prosecution under the 1939 indictment would be pressed. On March 3, 1969, plaintiff was rearrested and he pleaded not guilty. Plaintiff claims that the prosecution was reinstituted because of the pendency of his civil suit against the county in the hope that the possible criminal trial would induce him to give up his civil action.[1]

In connection with the revived prosecution, a Huntley hearing was scheduled to determine the voluntariness of plaintiff's 1939 confession. Detective Goebel was then living in Florida and declined the Nassau District Attorney's request to return to New York to testify unless he was paid $2,000. In order to secure his presence as a witness, the District Attorney instituted proceedings under the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases, N.Y.C.Cr.P. § 618–a. That act, C.Cr.P. § 618–a(3), provides for fees of 10¢ per mile and $5.-00 per day for each day of attendance as a witness. A New York judge issued a certificate under the Act and an extradition hearing was held in Florida on February 26, 1969. During a recess, plaintiff contends, an illegal agreement was made between the District Attorney and the witness for payments in excess of the statutory amount and for transporting the witness and his wife to New York and then back to Texas (instead of Florida). In return therefor, plaintiff contends, the witness agreed not to invoke the Fifth Amendment. Plaintiff alleges that these agreements and pay-ments were beyond the jurisdiction and power of the District Attorney.

Plaintiff further alleges, though without specification, that the witness Goebel perjured himself at the Huntley hearing which was subsequently held. The finding of the Court upon the Huntley hearing was that the confession was, beyond a reasonable doubt, voluntarily made.

After losing at the Huntley hearing, plaintiff moved under N.Y.C.Cr.P. § 671 for a dismissal of the 1939 indictment "* * * in the furtherance of justice." Acting under this section, Judge Alexander Vitale dismissed the indictment on October 7, 1969, in an opinion in which he stated:

> "And, in conclusion, it should be noted the power of the Court to discontinue prosecution of a crime as given to it by the Legislature in Section 671 of the Code of Criminal Procedure, has little or nothing to do with the merits of the charge. Such a dismissal is concerned, as the statute states, solely with the interest of justice. * *
>
> It is my opinion that justice would not be served by a trial hereof, but rather its interests would be enhanced by the dismissal of this action and the indictment from which it stems. * *"

█ In Dorak v. County of Nassau, 69–C–485, the first of the above actions, many of plaintiff's allegations are essentially the same as those which were alleged in Dorak v. County of Nassau, 69–C–296, a complaint for false imprisonment and "illegal confinement" which was dismissed on the merits on June 23, 1969, from which judgment an appeal is pending. To the extent that these allegations are made to state a cause of action in the complaint in 69–C–485, they are *res judicata* between the parties. However, these allegations appear to be presented as background for the present action for abuse of process. To that extent, no *res judicata* effect applies to the earlier judgment.

---

1. The plaintiff also claims the prosecution was intended to force him to discontinue the civil action filed in this Court, under docket number 69–C–296. That case was dismissed, over plaintiff's objections, on June 23, 1969.

Plaintiff claims that the defendant, by its employee, the District Attorney, abused the legal process in the use of the extradition proceeding to bring the witness Goebel from Florida to New York, in that the provisions of § 618–a were not complied with when the District Attorney offered to make a payment to Goebel in excess of the statutory amount and to fly him back to Texas and then to Florida after testifying. Abuse of the criminal process is also alleged in that the defendant allegedly sought to force plaintiff to give up his civil suit, 69–C–296, against the County. The injury alleged is that "* * * the plaintiff is being subjected to anxiety, fear, and threats of a 15-year sentence, scorn, ridicule, derision, great harassment. * *"

■ In an action for abuse of process, "* * * there must be an unlawful interference with one's person or property under color of process. * * *" Williams v. Williams, 23 N.Y.2d 592, 596, 298 N.Y.S.2d 473, 476, 246 N.E.2d 333, 335 (1969). Such interference must be alleged in the complaint. *Id.* The same is true for a claim of malicious prosecution. *Id.* at n. 2, 298 N.Y.S.2d 473, 246 N.E.2d 333. An allegation of the "* * trouble, inconvenience, and expense of defending [the underlying] action * * is not sufficient." Doane v. Hescock, 155 N.Y.S. 210, 211 (Sup.App.T., 1st Dept. 1915), aff'd, 173 App.Div. 966, 159 N.Y.S. 1109 (1st Dept. 1916); *accord* Miller v. Stern, 262 App.Div. 5, 27 N.Y.S.2d 374 (1st Dept. 1941).

■■ The use of legal process, such as "'* * * attachment, execution, garnishment, or sequestration proceedings, or arrest of the person, or criminal prosecution * * *'" Williams v. Williams, *supra,* 23 N.Y.2d at 596 at n. 1, 298 N.Y.S.2d at 477, 246 N.E.2d at 335, for an improper purpose, other than the purpose for which it was issued, is the essence of the cause of action for "abuse of process." Hauser v. Bartow, 273 N.Y. 370, 7 N.E.2d 268 (1937); Dean v. Kochendorfer, 237 N.Y. 384, 143 N.E. 229 (1924). Improper motives are insufficient unless the process was improperly

used. Hauser v. Bartow, *supra,* 273 N.Y. at 374, 7 N.E.2d 268. "As soon as the actor uses the process of the court, not to effect its proper function, but to accomplish *through it* some collateral object, he commits this tort." *Id.* (emphasis in original).

■ However, if the improper object for which the process is sought to be used is not alleged to have been achieved, a complaint for abuse of process is not adequate, since there must be a compulsion to do something which could not be required and some right must have been given up. Leif v. Jacobs, 61 N.Y.S.2d 207 (City Ct., N.Y.C.1946); Italian Star Line v. United States Shipping Board E. F. Corp., 53 F.2d 359, 362 (2d Cir. 1931). Where the process is used to force the giving up of a right, but the right is not given up, the damages necessary to the cause of action have not occurred. Italian Star Line v. United States Shipping Bd., *supra;* *cf.* Williams v. Williams, *supra.*

In Foy v. Barry, 87 App.Div. 291, 84 N.Y.S. 335 (1st Dept. 1903), a complaint for abuse of process was held sufficient when it alleged that the process (an arrest warrant in a criminal action) was used to force the plaintiff's father to give a release of a claim that he held against the person who procured the process.

■ A cause of action for abuse of process is not made out by plaintiff's allegations. The injury is not such as is cognizable in an abuse of process action. Plaintiff has not been forced to do what was not required of him. Nor has he been forced to give up any rights that he held against the County. Instead, he vigorously prosecuted his civil action, 69–C–296, and lost that action not because he withdrew under the pressure of the prosecution but because the Court ruled against him.

Plaintiff has also not sufficiently alleged that the use of the processes of the law was turned to an improper purpose. No "perversion" of the purposes of the extradition process appears, since its intended purpose, bringing the witness

back to New York, was carried out. The most that can be said is that the method by which this was allegedly done might have been of questionable propriety. Looked at in a more favorable light, the agreement between the District Attorney and the witness was no more than an amicable settlement of the extradition proceeding, avoiding the need for a coercive order by a Florida court.

■ The claim that the reinstitution of criminal proceedings after thirty years was an abuse of process must also fail. On his own, the District Attorney cannot dismiss, abandon, or Nolle Prosequi a criminal prosecution. N.Y.C.Cr.P. § 672. Only by an order of a Court, "* * * in the furtherance of justice * * *" can an indictment be dismissed in such circumstances as existed in the present case. N.Y.C.Cr.P. § 671. Thus, the District Attorney was under a duty to reinstitute the prosecution, though he had the discretion to seek a Court order dismissing it under § 671. Failure to exercise that discretion does not amount to an abuse of the criminal process.

Therefore, the motion to dismiss 69-C-485, for failure to state a claim, must be granted.

■ In Dorak v. Cahn, 69-C-1561, the second of the above actions, defendant has moved to dismiss for failure to state a claim upon which relief could be granted and for failure to comply with the applicable statute of limitations. The complaint alleges abuse of process by the defendant District Attorney with respect to his actions in procuring the return of the witness from Florida for the Huntley hearing and for his prosecuting the thirty year old indictment. As in Dorak v. County of Nassau, 69-C-485, no claim upon which relief could be granted has been stated.

■ Alternatively, the action must be dismissed because the plaintiff has failed to notify the District Attorney and the County itself within ninety days after the claim arose and has failed to institute suit within one year after such a notice is served. N.Y.County Law, McKinney's Consol.Laws, c. 11, § 52(1) and (2); N.Y.Gen'l Municipal Law, McKinney's Consol.Laws, c. 24, § 50-e(1). Indeed, no notice was ever served.

■ Plaintiff seeks to avoid the notice requirements by arguing that the District Attorney's acts were done in an individual capacity and not as an official of the County. However, since the only acts alleged to be an abuse of process involve the defendant's securing a witness for the State in the Huntley hearing and the moving of the indictment for trial instead of moving to have it dismissed, and since these acts could only be done by the defendant as a District Attorney, this argument is untenable. Whatever was done here by the defendant was within the course of his employment and the scope of his duties, even if he may have performed those duties improperly. Thus, as in Siegel v. Epstein, 21 A.D.2d 821, 251 N.Y.S.2d 538 (2d Dept. 1964); aff'd, 17 N.Y.2d 639, 269 N.Y.S.2d 138, 216 N.E.2d 341 (1966), and unlike Boyer v. Werner, 299 F.Supp. 967 (E.D.N.Y. 1969) (Dooling, J.), where beatings by police officers, certainly outside the scope of their duties, were alleged, the notice requirements of the New York statutes apply. They were not complied with. *See* Bivens v. Six Unknown Named Agents of Fed. Bur. of Nar., 409 F.2d 718, 721 (2d Cir. 1969).

Finally, in Dorak v. County of Nassau, 69-C-1562, the third of the above actions, where plaintiff complains of false arrest based on his incarceration from 1939 until 1967 and malicious prosecution in the 1939 action, the defendant has moved for summary judgment. The motion must be granted.

■ The claim for false arrest alleges essentially the same facts to state the cause of action as were previously alleged in Dorak v. County of Nassau, 69-C-296. The characterization of one action as for "false arrest" and the other as for "false imprisonment" or "illegal confinement" is of no moment since in substance they are one cause of action. Houghtaling v. State, 11 Misc.2d 1049, 175 N.Y.S.2d 659, 665 (Ct.Cls.1958).

Nor, despite plaintiff's contentions, does an action for false arrest depend upon a favorable disposition or a dismissal of an indictment. Rather, it accrues upon the release of the prisoner. Molyneaux v. County of Nassau, 22 A.D.2d 954, 256 N.Y.S.2d 123 (2d Dept. 1964), aff'd, 16 N.Y.2d 663, 261 N.Y.S.2d 294, 209 N.E. 2d 286 (1965); Huff v. State, 27 A.D.2d 892, 278 N.Y.S.2d 12 (3d Dept. 1967). This present action is barred by the res judicata effect of 69–C–296.

■ Even if the present action was not barred by the prior determination of 69–C–296 on the issue of false imprisonment, notice of the claim was not filed within the requisite time. Plaintiff was released on July 19, 1967. The notice of claim was filed October 23, 1969, shortly after the dismissal of the indictment by Judge Vitale. This was more than two years after the cause of action accrued and not within the ninety day period prescribed by General Municipal Law § 50–e. Molyneaux v. County of Nassau, supra. It was also more than the one year period prescribed by C.P. L.R. § 215(3) for an action for false imprisonment.

■ Plaintiff also seeks to allege a cause of action for malicious prosecution. The elements of such an action are:

(1) that a proceeding was instituted maliciously;

(2) that it was instituted without probable cause; and

(3) that it was terminated favorably for the plaintiff in the malicious prosecution action. Keller v. Butler, 246 N.Y. 249, 158 N.E. 510 (1927).

■ The termination of the prosecution in October 1969, completed the necessary requirements for plaintiff's cause of action and began the statute of limitations running, although the prosecution which plaintiff attacks occurred in 1939. Houghtaling v. State, supra, 175 N.Y.S.2d at 665.

■ However, plaintiff must fail in this action, too, because, as a matter of law, he cannot establish that the pros-

ecution was instituted without probable cause. Probable cause is shown, prima facie, by the existence or handing up of an indictment. Houghtaling v. State, supra, at 667; Brandt v. Cohn, 252 App. Div. 649, 300 N.Y.S. 732 (1st Dept. 1937). This can be negated only by specific allegations vitiating the validity of the indictment so that a question of probable cause may be raised anew. Brandt v. Cohn, supra. Plaintiff contends that the indictment was invalid because the only evidence before the grand jury in 1939 was his confession, which plaintiff contends was coerced and involuntary. However, it has been conclusively determined, in plaintiff's 1969 Huntley hearing, that the confession was voluntary and valid beyond a reasonable doubt. This finding is now res judicata, or at least it collaterally estops plaintiff from relitigating the confession's validity. Thus, there is nothing alleged which could overcome the showing of probable cause from the existence of the indictment.

■■ Furthermore, that the action was determined in plaintiff's favor, which started the running of the statute of limitations, does not of itself show that there was no probable cause for instituting the action. Marion Steel Co. v. Alderton Dock Yards, 223 App.Div. 741, 227 N.Y.S. 678 (1st Dept. 1928). If the dismissal is not a matter of right or on the merits, but is only " * * * as a matter of discretion or favor * *," no claim for malicious prosecution may be based upon it. Reit v. Meyer, 160 App.Div. 752, 146 N.Y.S. 75, 79 (1st Dept. 1914); Halberstadt v. New York Life Ins. Co., 194 N.Y. 1, 86 N.E. 801 (1909). As the opinion of Judge Vitale indicates, the indictment in the present case was not dismissed on the merits, but only as a matter of judicial discretion, in " * * * the interest of justice. * * *" The dismissal will not support this claim for malicious prosecution.

The motion to amend the complaints to properly allege jurisdiction is granted.

Accordingly, it is

Ordered that defendants' motions are granted, and it is further

Ordered that the complaints in 69–C–485, 69–C–1561 and 69–C–1562 are dismissed and the Clerk of this Court is directed to enter judgment accordingly without costs.