Robert **GWATHMEY** and William Durham, suing on his own behalf and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

**TOWN OF EAST HAMPTON**, John Henry Doyle, Chief of Police of the Town of East Hampton, George J. Aspland, District Attorney of Suffolk County, and Louis J. Lefkowitz, Attorney General of the State of New York, Defendants-Appellees.

No. 303, Docket 35160.

United States Court of Appeals, Second Circuit.

Argued Nov. 12, 1970.

Decided Dec. 24, 1970.

---

Victor Rabinowitz, New York City (Rabinowitz, Boudin & Standard, and Edward F. X. Ryan, Jr., New York City, on the brief), for appellants.

Steven M. Hochberg, Deputy Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., of the State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellees.

Before LUMBARD, Chief Judge, and WATERMAN and ANDERSON, Circuit Judges.

PER CURIAM:

This is a companion case to Long Island Vietnam Moratorium Committee v. Cahn, 437 F.2d 344 (2d Cir., decided Dec. 24, 1970), and involves an appeal by plaintiffs from an order of the District Court for the Eastern District of New York denying their motion for the convening of a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284, and dismissing their complaint.

On June 18, 1970, Gwathmey was arrested by police officers in the Town of East Hampton upon a complaint that he had violated § 136(a) of the General Business Law of New York, McKinney's Consol.Laws, c. 20, by displaying a banner resembling the American flag except that instead of stars on the field of blue in the upper left corner there was the peace symbol. Gwathmey pleaded not guilty and was released on $100 bail. On June 30, before the hearing on the charge, Gwathmey instituted this action pursuant to 42 U.S.C. § 1983, seeking to enjoin his prosecution under the statute on the ground that § 136(a) is unconstitutional, and he requested the convening of a three-judge court. He was joined by Durham and others "similarly situated," who allege that they want to display the banner in question as an expression of their political beliefs and that Gwathmey's arrest has had a chilling effect on their desire to do so.

On July 15, 1970, eight days after the opinion of a three-judge court sitting in the Eastern District in the *Long Island Vietnam* case, Judge Travia denied Gwathmey's motion for a three-judge court on the ground that his claim raised no substantial constitutional question. Judge Travia dismissed Gwath-

mey's complaint because there was no basis for the exercise of federal equity jurisdiction.

For the reasons set out in our opinion in the *Long Island Vietnam* case, we hold that § 136(a) is unconstitutional. Thus, there is no need for a three-judge court in the instant case. There is every reason to believe that the district attorney here will abide by the decision we have reached, unless the Supreme Court determines otherwise. Hence there is no need at this time to prescribe specific relief. Accordingly, we reverse the judgment below and remand this case to the district court for proceedings consistent with our decision in *Long Island Vietnam*.

Reversed and remanded.