John DORAK a/k/a Peter Dorak,
Plaintiff-Appellant,

v.

The COUNTY OF NASSAU, STATE OF
NEW YORK, Defendant-Appellee
(two cases).

John DORAK, Plaintiff-Appellant,

v.

William CAHN, Defendant-Appellee.

No. 879, Docket 35612.

United States Court of Appeals,
Second Circuit.

Argued June 15, 1971.

Decided June 17, 1971.

Harry Heller, New York City, for plaintiff-appellant.

Louis Schultz, Senior Deputy County Atty., Mineola, N. Y. (Joseph Jaspan, County Atty. for Nassau County, Benedict F. Romano, Deputy County Atty., of counsel), for defendant-appellee.

Before KAUFMAN and MOORE, Circuit Judges, and TIMBERS,* District Judge.

PER CURIAM:

Plaintiff's alleged causes of action for abuse of process against the County of Nassau (69–C–485) and against the District Attorney of Nassau County (69–C–1561) were dismissed upon motion of the respective defendants for failure to state claims upon which relief can be granted. Rule 12(b) (6), Fed.R.Civ.P. In plaintiff's third cause of action for false arrest and malicious prosecution against the County of Nassau (69–C–1562), defendant's motion for summary judgment was granted since there were no material issues of fact and defendant was entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P.

We affirm on Judge Travia's well reasoned opinion, 329 F.Supp. 497 (E.D. N.Y.1970).

IRVING R. KAUFMAN, Circuit Judge (concurring):

I agree that the dismissals of each of the actions brought by appellant Dorak should be affirmed, but I would not do so for all of the reasons stated by Judge Travia below. It is sufficient that with respect to none of his complaints did Dorak comply with New York County Law § 52 and New York General Municipal Law § 50–e, requiring that Dorak serve notices of claim upon defendants within ninety days after each cause of action arose. See Siegel v. Epstein, 17 N.Y.2d 639, 269 N.Y.S.2d 138, 216 N.E.2d 341 (1966).