Albert A. Blinder, J.
This is a tort claim for false arrest and false imprisonment.
A notice of intention to file a claim was filed with the Clerk of the court on November 6,1970; the claim was filed on January 12, 1971. Pursuant to the order of Hon. John P. Gttaltieri, Judge of the Court of Claims, dated May 30,1973 granting leave to claimant to amend, the claim was amended at trial to include the use of the term “ illegal ■
The facts are not in dispute. On August 6,1970, the claimant was operating a 1959 Volkswagen van on the New York State Thruway. In the vehicle were five persons, three male and two female. They were apparently on their way to a “ rock festival ” in Canada. In the vehicle, which was owned by claimant, were the following: a tent, sleeping bags, assorted food (canned, packaged, etc.), cooking implements and camping gear. At approximately 7:00 p.m., as the vehicle progressed on this journey, it was stopped by State Trooper Hotaling, who, after examining the claimant’s license and registration, advised the claimant he was under arrest for violation of section 136 of the General Business Law (unlawful display of the American flag).
The vehicle was painted with the colors and design of the American flag; its front part was blue with white stars and its roof and sides had alternate red and white stripes. This paint job was, in the trooper’s opinion, a violation of section 136, as aforesaid, and which the State claimed was a violation of subdivision b thereof1.
The claimant was promptly arraigned upon an information drawn up by the State trooper before the Town Justice of the Town of Salina, County of Onondaga.* The Town Justice ordered the vehicle impounded, allowed the entry of a plea of not guilty and set bail in the sum of $5,000. Not being able to post the bail, an order for his detention was issued and the claimant was transported to Syracuse wherein he was incarcerated in the Public Safety Building Confinement Facility. *1008 The claimant was released on August 9, 1970 after bail was posted. Subsequently, claimant’s vehicle was ordered released on September 23, 1970 and on December 23, 1970, the charges against the claimant were dismissed.
At the outset, the court must rule on the defendant’s renewal of a motion to dismiss the claim on the grounds that it was filed 91 days after the false arrest claim accrued on August 6, 1970 (upon which motion decision was reserved at trial).
As Judge Gualtieri previously ruled on the first motion made pretrial by the defendant in his decision dated May 3, 1973, “ a claim for false arrest accrues upon arraignment and release on bail. This claimant was released on August 9, 1970, and the notice of intention filed November 6 was within the 90-day period. Huff v. State, 27 App. Div. 2d 892 (3rd Dept. 1967); Bomboy v. State, 26 App. Div. 2d 974 (3rd Dept. 1966).” (Also, see, Boland v. State of New York, 30 N Y 2d 337, 341; Vitello v. State of New York, 39 A D 2d 792; Dill v. County of Westchester, 4 A D 2d 779; Wolfe v. State of New York, 57 Misc 2d 777.) The motion is therefore denied.
The claimant was charged with a violation of section 136 of the General Business Law.
The statute makes it a misdemeanor to desecrate the flag of the United States of America or the State of New York. The language of the statute is broad and general and because of its vagueness has been held unconstitutional in part. (Long Is. Vietnam Moratorium Committee v. Cahn, 437 F. 2d 344, app. filed Mar. 24, 1971, [70-102]; Gwathmey v. Town of East Hampton, 437 F. 2d 351.)
The use of the flag as a decoration is not a desecration. Even if' the flag were to be used in a symbolic way, there would not be grounds for an arrest without an overt act of contempt likely to create a breach of the peace. (People v. Keough, 31 N Y 2d 281; cf. People v. Radich, 26 N Y 2d 114, affd. 401 U. S. 531, rehearing den. 402 U. S. 989.)
In Street v. New York (394 U. S. 576), the Supreme Court held that verbal communication involving the flag is protected by the First Amendment, even if that verbal communication ‘ ‘ casts contempt upon ” the flag. Most, if not all conduct associated with the United States flag is symbolic speech. Such conduct is normally engaged in with the intent to express some idea. (Goguen v. Smith, 471 F. 2d 88, 99.)
Whether or not the claimant was expressing an idea by driving a van painted as a flag need not concern the court. Such use of a flag is not illegal (Hoffman v. United States, 445 F. 2d 226), *1009 and is quite common. See ‘ ‘ Who Owns the Stars and Stripes Í ’ ’, Time Magazine, July 6, 1970. Whatever the reaction of observers might be to many kinds of conduct involving the flag, a substantial portion of such conduct falls under the heading of First Amendment activities.* (Goguen v. Smith, supra, p. 100.)
The State relies on subdivision b of section 136 of the General Business Law as the authority which provided the State trooper with probable cause for the arrest under subdivision 1 of section 177 of the old Code of Criminal Procedure (now CPL 140.10).
The applicable part of the statute (General Business Law, § 136, subd. b) reads as follows:
“ Any person who: * * *
“ b. Shall expose to public view, manufacture, sell, expose for sale, give away, or have in possession for sale, or to give away, or for use for any purpose, any article, or substance, being an article of merchandise, or a receptacle of merchandise or article or thing for carrying or transporting merchandise, upon which * * * shall have been printed, painted, attached, or otherwise placed, a representation of any such flag, standard, color, shield or ensign, to advertise, call attention to, decorate, mark, or distinguish, the article or substance on which so placed * * *
“'Shall be guilty of a misdemeanor.”
When the arresting officer was asked if he saw any merchandise in the vehicle, he answered in the negative. His testimony indicated rather that he thought the sole elements of the crime consisted of the American flag being painted on the vehicle.
False arrest is largely synonymous with false imprisonment. Other than the limited aspect of an arrest being the taking of a person into custody that he may be held to answer for a crime, the torts are, in substance, identical. (22 N. Y. Jur., False Imprisonment, § 1; also, see, Houghtaling v. State of New York, 11 Misc 2d 1049, 1053.) Every false arrest is itself a false imprisonment, for the imprisonment begins at the arrest. (Egleston v. Scheibel, 113 App. Div. 798.)
The law presumes an unlawful imprisonment in an arrest without a warrant (Woodson v. New York City Housing Auth., 10 N Y 2d 30), and in an action for false arrest or false imprisonment the existence of probable cause is a defense to be raised *1010 and proved by the State. (Clark v. Nannery, 292 N. Y. 105,108; Kraft v. State of New York, 52 Misc 2d 35.)
The court finds as a matter of law that the arrest was for something not constituting a crime and therefore there is a cause of action for false arrest and false imprisonment. (Tierney v. State of New York, 266 App. Div. 434, affd. 292 N. Y. 523.)
Some discussion is necessary pertaining to the defendant’s contention that its liability exists only up to the point of arraignment before the Town Justice.
As was stated in Williams v. State of New York (9 A D 2d 415, 417, affd. 8 N Y 2d 886): “ The information filed by the State Trooper * * * did not state facts sufficient to constitute the crime charged. The State Trooper thus committed an illegal arrest, followed by the filing of a void information, and the obtaining of a void commitment. Under these circumstances, the State Trooper’s responsibility, and correspondingly the liability of the 'State, continued throughout the period of detention.”
The arrest was not pursuant to a warrant and the following confinement pursuant to the order of commitment by the Town Justice was issued by a court which did not acquire jurisdiction. (Cf. Houghtaling v. State of New York, 11 Misc 2d 1049, 1056, supra.)
The actions of the Town Justice cannot serve to insulate the State from its continued liability for the false arrest. (Nuernberger v. State of New York, 40 A D 2d 939; Harty v. State of New York, 52 Misc 2d 255; Maracle v. State of New York, 50 Misc 2d 348.)
Based upon the credible testimony and considering all the factors and necessary expenses incurred by the claimant, including reasonable attorney’s fees, bail bond expenses, automobile storage and related costs, the claimant is entitled to compensatory damag’es in the sum of $2,750. The court specifically rules that no punitive or exemplary damages were proved.

 The information, part of Exhibit 5, alleged commission of the “ crime of Desecration of the United States Flag”.

 This is not to say that it is impossible under present ease law to have a statute which would make it an offense to knowingly east contempt upon any flag of the United States. (See People v. Radich, 26 N Y 2d 114, affd. 401 U. S. 531, rehearing den. 402 U. S. 989; United States v. Crosson, 462 F. 2d 96, 101-102; Joyce v. United States, 454 F. 2d 971, cert, den. 405 U. S. 969.)